## MILLS v. THE STATE.

1. Where a witness twelve years old at the time of trial testified to facts occurring two years previously, it was not error in the court to fail to inquire of the witness as to his knowledge of the sanctity and meaning of an oath, no request being made by defendant's counsel for such a preliminary examination, and no objection being made to the witness testifying.
2. In no view of the case, under the facts disclosed by the record, could the accused have been legally found guilty of manslaughter, either voluntary or involuntary; therefore the court did not err in failing to charge on the subject of manslaughter.
3. The charge of the court upon the subject of reasonable doubt was sufficiently full and explicit.    The jury were the judges of the credibility of the witnesses; and the testimony in the case, if true, demanded the verdict finding the accused guilty of murder.

Argued March 21,—Decided April 11, 1898.

Indictment for murder.    Before Judge Gober.    Dooly superior court.    September term, 1897.

Asbury Mills, having been convicted of murder, moved for a new trial; and the motion having been overruled, he brought

his bill of exceptions. The motion alleges, in addition to the general grounds, that: (1) The court failed to inquire of the witness Eli McKenzie (a child of the woman killed) as to his knowledge of the sanctity and meaning of an oath, when it appeared that he was only ten years old at the time of the killing and was the only eye-witness thereto; there being no request or suggestion to inquire as to his capacity, and he appearing to the court to have sufficient capacity. (2) The court failed to charge the law of manslaughter. (3) The court failed to charge the law of reasonable doubt in ample and sufficient manner. The charge on reasonable doubt was as follows: "In all criminal prosecutions in this State, gentlemen, the burden is upon the State to show the guilt of the defendant beyond a reasonable doubt; a reasonable and moral certainty is all that is required; the defendant is presumed to be innocent until the contrary appears; a reasonable doubt is a doubt growing out of the evidence or arising from the want of sufficient evidence to satisfy the minds of the jury of the defendant's guilt. The jury has no right to go outside and hunt up an excuse to acquit a defendant in a case, when they believe the defendant is shown to be guilty under the rules of the law but whom for some reason they themselves rather not convict. But a doubt, to be a reasonable doubt, must arise out of the evidence under the rules of law." For the other facts see the opinion.

*E. F. Strozier* and *Thomson & Whipple*, for plaintiff in error.
*J. M. Terrell*, attorney-general, and *F. A. Hooper*, solicitor-general, contra.

LEWIS, J. The following are briefly the substantial facts testified to by witnesses for the State: Rena McKenzie, the deceased, had been the concubine of the accused, Asbury Mills. He became offended on account of her leaving him and moving to another house; on Saturday evening just prior to the killing, he was seen to kick or throw her from the door of her house, and then pick her up and carry her back inside. From the effects of this she became crippled so that she could not walk with any comfort. A brother of Rena, with another person, came to her house that night with a view of protecting her on

account of threats made by the accused to take her life. They found the accused there, who persisted in his threats to "rule or kill her"; whereupon they drove him from the house, and after remaining there until late at night, they fastened the doors and windows and left. About an hour after their departure they heard a gun fire. The only eye-witness to the crime was a child of the deceased, then ten years of age, being about twelve at the time of trial. The child testified that, about an hour after his uncle and the other person with him had left his mother's house, the accused came to a window of the house, broke it open, and entered. The mother of the child was standing in front of the fireplace, and when she turned and saw the accused with the gun, she screamed ; whereupon he fired a load of shot into her face, and then with an axe severed the head from the body, and pierced her sides with a pair of scissors. He then ate a meal over the dead body of his victim and took his departure. The next morning a track was traced from the house to the home of the mother of the accused. Along this track was found an empty shell, and also a gun with one barrel discharged. When the pursuers who were tracing the tracks from the house of the deceased came to the home of the defendant's mother, they saw him flee from there across the field. They continued to pursue him, but he escaped. Several months afterwards, he was found in a remote part of the State, and arrested. No statement was made by the accused, and no evidence was introduced in his behalf. When the child was put upon the stand, it does not appear that any objection was made to him on account of incompetency by reason of his tender age, and no request was made to have his knowledge of the sanctity and meaning of an oath inquired into. The court certified that he appeared to have sufficient capacity; and there is certainly nothing in the record of his testimony, either on the direct or cross-examination, to indicate any want of a clear knowledge of what he was relating. In the light of these facts, the grounds in the motion for a new trial are absolutely without any merit whatever, and it would be a useless consumption of time and space to undertake their discussion. Under the testimony, the accused was guilty of perpetrating

a horrible murder, and the verdict of guilty found by the jury was not only justified, but demanded by the evidence.

*Judgment affirmed. All concurring, except Cobb, J., absent.*