### 7038. Polk *v.* The State.

Hodges, J. 1. In the cross-examination of a witness introduced by the defendant in a criminal case as an expert on insanity, in support of a plea of "now insane," greater latitude is allowed than in examination of the same witness by counsel for the defendant. Right of cross-examination under our law is broad, and the solicitor-general, on cross-examination, could ask the witness a question not entirely hypothetical in character.

2. Testimony that a student's record was good was properly excluded as hearsay, where the witness testified that he knew this from what a certain professor told him.

3. Testimony as to the result of an investigation made by a witness as to the record of a former student in school, based upon the records of the school and reports of professors in the school, and of a student who attended school with him, was not admissible, the same being merely hearsay.

4. It was not competent for a witness to testify as to the contents of letters admitted to have been destroyed, written by the president of a school, showing the good standing of a student and the high esteem in which he was held during his attendance upon the school, such testimony being merely hearsay.

5. Objection as to the competency of an infant of tender years to testify as a witness will not be considered when no such objection was made at the trial. The question can not be first raised by a motion for a new trial.

6. On the trial of one filing a special plea of "now insane" to an indictment charging the murder of his wife, conversations and declarations of the wife, not in his presence, were not admissible as a part of the res gestæ, when the evidence showed that they were made at least fifty-five minutes before the killing; and the court erred in not excluding them as mere hearsay.

7. On the trial of the issue raised by the plea of "now insane," counsel for the accused moved that a mistrial be declared, upon the ground that one of the jurors was disqualified. In support of this motion the only witness sworn testified: "He (the juror) said that he (the accused) ought to be hung for doing like he (the accused) did." "He

(the juror) had reference to Mr. and Mrs. Polk." No counter showing was made by the State, and on this undisputed testimony the court overruled the motion for a mistrial and permitted this juror to try the issue involved on the special plea of "now insane." The purity of the administration of justice required that this motion should have been granted. The opinion expressed by the juror, that the accused ought to be hung, was in effect an expression that he was sane.

8. The remaining matters complained of in the motion for new trial are not passed upon, as it is not likely that they will arise upon the next trial.               *Judgment reversed.*

DECIDED JUNE 28, 1916.

Indictment for murder; from Baldwin superior court—Judge Park. October 19, 1915.

*Sibley & Sibley, John T. Allen,* for plaintiff in error.

*J. E. Pottle, solicitor-general,* contra.