### 25758. STALNAKER *v.* BAIRD.

DECIDED DECEMBER 3, 1936.

*Oliver C. Hancock, C. L. Shepard,* for plaintiff.
*Louis L. Brown, Louis L. Brown Jr.,* for defendant.

BROYLES, C. J. Mrs. Alma Stalnaker brought suit against John H. Baird, for damages on account of the death of her son, which resulted from an automobile collision. Verdict and judgment were rendered for the defendant, and the plaintiff assigned error on the overruling of her motion for new trial. While the

evidence was conflicting in some respects, there was ample evidence to authorize the jury to find the following facts: The plaintiff's son, George Stalnaker, was traveling at night in his car on the paved highway between Fort Valley and Perry, Georgia, going in a southerly direction toward Perry. In the car with him were Albert Hudson and Miss Sarah Hartley, now Mrs. Leaptrot, all of whom were approximately twenty years of age. Mrs. Leaptrot was driving the car. When they came to a certain dirt road on their left, into which they wished to turn, Mrs. Leaptrot saw the lights of the defendant's approaching automobile, and stopped the Stalnaker car. The defendant Baird was traveling at about forty miles an hour on the same road in a northerly direction toward Fort Valley. When he first saw the Stalnaker car, before it stopped, he slowed up; but when the Stalnaker car stopped, apparently waiting for the defendant's car to pass before it turned to the left into the dirt road, the defendant resumed his speed of forty miles an hour. Just before he got to the dirt road the Stalnaker car suddenly turned to the left, drove directly in front of the defendant's car, and the collision resulted, the front of the Baird car striking the right side of the Stalnaker car. At the time of the accident the defendant was on his right-hand side of the road, and the Stalnaker car was crosswise on the defendant's side of the road. The undisputed evidence, which includes a picture of the roads, shows that the road into which the Stalnaker car was attempting to turn, did not go *across* the paved highway on which the defendant was driving, but that it was a dirt road leading from the "Cobb place" *into* the paved highway. Mrs. Leaptrot, a witness for the plaintiff, testified that when she saw the defendant's car and stopped the Stalnaker car, the defendant's car, according to her judgment, was about 350 feet from the point of collision, and that George Stalnaker stated she had time, and she thought she had time, to turn to the left and go into the side road. She further testified: "I don't know what speed Mr. Baird was going when I saw him at the mail box, but he was going pretty fast."

Mrs. Leaptrot's testimony as to the defendant's car being 350 feet away "when noted" conflicts with a plat introduced in evidence by the plaintiff, which shows, when measured according to the scale of measurement prescribed thereon, that the defendant's

car was only 240 feet away. However, the more material question is, not how far away the defendant's car was when she noticed it and stopped the Stalnaker car, but how far away was it when she subsequently started to turn to the left in front of it. There is no evidence that Mrs. Leaptrot extended her arm or hand before making the left turn, or that an extended hand could not have been seen in the lights of the approaching car before she turned to the left. While the plaintiff introduced evidence as to the location of the cars before the collision, and the length of time it would take to traverse certain distances, no witness testified that the defendant was traveling faster than forty miles an hour. Forrest Doles testified that immediately after the defendant was lifted out of his car after the collision, he stated that he "was driving about forty miles an hour," and said, "They pulled right across the road in front of me and cut me off." Baird testified: "I saw this car coming. . . I was driving about forty miles an hour, and they pulled out to the side of the road and stopped at the intersection of the road going to the Cobb place; and I proceeded; and just before I got to them they pulled across the road, and the accident happened; and that's all there is to it. I was on my right-hand side of the road when they pulled out. I did not receive any warning at all that they were going to cut in front of me. . . They stopped, and I thought they were going to let me come by, and just before I got to them they pulled in front of me and I smashed on my brakes. I was fifty feet from them when they started to pull in front of me. . . Forrest Doles came up . . and pulled me out, . . and he asked me how fast I was driving, and I says I was driving forty, and I slowed down less than that until they stopped, and when they stopped I went up to forty. . . It seemed like a second to me between the time the Stalnaker car started to pull in front of me until we struck each other; the cars were about thirty feet apart at that time. My age is sixty-three. I have been driving automobiles since 1916. I have never had an accident before this time." The evidence showed that the defendant applied his brakes forcefully after the Stalnaker car began to turn in front of him.

Even if the jury could infer from the evidence introduced by the plaintiff that the defendant was traveling faster than forty miles per hour, they of course had the right to accept the testi-

mony of the defendant, which they apparently did. The first eleven grounds of the motion for a new trial complain of errors in the charge to the jury. The charge as a whole is fair, and the instructions given were applicable to the issues in the case. None of these grounds show cause for a new trial. The remaining grounds complain of the admission of certain specified testimony "over objection of movant;" but in none of these grounds is it stated what objection was made to the testimony *at the time it was offered for admission.* These grounds raise no question for the consideration of this court. "'To make an objection to evidence available in the reviewing court, it must appear that objection was made, and upon what grounds it was made, in the trial court.' It is not sufficient that the evidence was admitted over objection; nor that certain reasons are stated in the motion for new trial why the evidence was not admissible." *Norman* v. *McMillan,* 151 *Ga.* 363 (4) (107 S. E. 325), and cit.; *Clare* v. *Drexler,* 152 *Ga.* 419 (5) (110 S. E. 176); *Hardy* v. *Hardy,* 149 *Ga.* 371 (3) (100 S. E. 101). The evidence amply authorized the verdict and the motion for new trial shows no cause for reversal.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*