28233. ENZOR *v.* THE STATE.

DECIDED APRIL 23, 1940.   REHEARING DENIED JULY 30, 1940.

H. C. *Denton,* W. O. *Slate,* for plaintiff in error.

John A. *Boykin,* solicitor-general, J. W. *LeCraw,* Quincy O. *Arnold,* contra.

MacINTYRE, J.   Erwin Enzor was convicted of larceny of an automobile.   His motion for new trial was overruled, and he excepted.

The evidence was in effect that the defendant was caught driving at Hazlehurst, Georgia, an automobile which had been recently stolen in Fulton County, and in which were riding J. G. Holbrook and Arson Hall.   When the patrolmen approached the car the defendant fled, driving the car at a high rate of speed.   As soon as they approached, the defendant drove the car for approximately fifteen or twenty miles, with the patrolmen in pursuit.   He drove off of the highway on dirt roads, making many turns in an effort to outdistance the officers.   Finally, being unable to get away with the car, he stopped it suddenly; all the occupants jumped out and escaped, but were caught.   Holbrook, one of the occupants of the car, testified that he stole the car in Atlanta, and invited the defendant to go with him to Hazlehurst on the defendant's paying for the oil and gas, and that the defendant did not know anything about the car being stolen.   When the officers at Hazlehurst approached the car Holbrook told the defendant to "step on it," because the officers were after him for speeding on the preceding day.   When it was apparent that the officers were finally going to overtake them, he told the defendant that the car was "hot," meaning it was stolen; and they stopped the car, alighted therefrom, and ran.   The troopers chased them on foot through the woods and caught Hall, who lay

down. They took Hall back to town. The chief of police of Hazlehurst had already arrested the others, having found them walking down the street, with their shoes and the bottoms of their trousers covered with mud. In his explanation as to why the defendant did not know that the car was stolen, Holbrook said that he had told the defendant that his brother, who was a police officer in DeKalb County, had captured the car as a liquor-running car and had loaned it to him to go to Hazlehurst. The testimony of the defendant's witness Miss McKinney was somewhat at variance with the testimony of Holbrook and the statement of the defendant, and the testimony of patrolman Brown as to what the defendant told him was somewhat at variance with the statement of the defendant to the jury on the trial, which was in effect the same as the testimony of Holbrook. We think the evidence authorized the verdict.

In the motion for new trial the defendant set out that over his objection "the court . . permitted to be introduced in evidence a certain bill of indictment which had been returned against a party bearing the same name as this defendant, to wit, 'Erwin M. Enzor,' without at any time having any testimony from any one whomsoever that the defendant on trial was the same party involved in the previous conviction." There was no evidence that the defendant was not the person named in the indictment so introduced. Identity of name is prima facie proof of identity of person. *Shuler* v. *State,* 125 *Ga.* 778, 782 (54 S. E. 689); *Smith* v. *State,* 11 *Ga. App.* 89 (4) (74 S. E. 711). There was, however, other testimony which tended to identify the defendant as the person named in the former indictment. This objection is without merit. None of the other objections to the evidence recited in the first five special grounds of the motion show, in the grounds themselves, that the objections were made at the trial, before the judge, and at the proper time. The question as to the competency of testimony can not be first raised by a motion for new trial. *Polk* v. *State,* 18 *Ga. App.* 324 (5) (89 S. E. 437); *Lively* v. *State,* 178 *Ga.* 693 (173 S. E. 836). "Nor will the reason or reasons why certain evidence should not have been admitted be considered here, unless such reasons appear to have been urged before the trial judge and at the proper time." *Langston* v. *State,* 153 *Ga.* 127 (111 S. E. 561). "These exceptions ought not to refer the court from one part of the record to another to discover [if objection was made at the

proper time] what was ruled, and to other and various parts of the record to search for evidence relating to that particular point, but the exception should be complete in itself. It should state what was the ruling complained of, the evidence on that point, and state of what and wherein the error consisted." *Weldon* v. *Hudson*, 120 *Ga.* 699, 702 (48 S. E. 130).

We do not think this rule should be unreasonably applied. To illustrate: where the defendant is indicted for murder, and the question sought to be presented in a ground of a motion for new trial is one of a failure to charge on voluntary manslaughter, and it would require a reading of all of the evidence to determine whether the judge erred in failing to charge on voluntary manslaughter, we do not think a separate complete brief of all the evidence, verbatim et literatim, should be required to be recited in the ground. But we do not think it is an unreasonable application of the rule to require the plaintiff in error, in the ground of his motion, to show what evidence was sought to be introduced, that he objected to the evidence at the time it was offered or at some other proper time, and that his objection was overruled (all of which may be shown to have occurred in the manner and at the time stated in the ground by the judge's certificate that the amendment to the motion for new trial is true); for unless the evidence was objected to at the proper time the objection can not be considered by this court. A non-compliance with this rule requires this court to sift unnecessarily through the brief of evidence to discover whether the various objections to the introduction of certain portions of the evidence were made at the proper time. We do not think that these amended grounds of the motion for new trial are properly before this court. None of the excerpts from the charge complained of shows reversible error.

*Judgment affirmed.* *Broyles, C. J., and Guerry, J., concur.*

ON MOTION FOR REHEARING.

MacINTYRE, J. We did not of our own motion raise the objection to the sufficiency of the grounds of the motion for new trial for the reason that the motion did not state or recite that the objection to the evidence was made at the time it was offered for admission; but the solicitor-general raised it, and invoked our ruling thereon. Upon further consideration of the record and the decisions of the Supreme Court and this court, so far as we have

been able to find, they support our opinion as written. *Clare* v. *Drexler,* 152 *Ga.* 419, 420 (5) (110 S. E. 176); *Hardy* v. *Hardy,* 149 *Ga.* 371, 374 (3) (100 S. E. 101); *Central of Georgia Railway Co.* v. *Anderson,* 43 *Ga. App.* 189 (158 S. E. 333); *Stalnaker* v. *Baird,* 54 *Ga. App.* 734, 737 (189 S. E. 86). The mere fact that the motion recited that the evidence was admitted over an objection, or that the motion recited why the evidence was inadmissible, was not sufficient. *Norman* v. *McMillan,* 151 *Ga.* 363, 365 (4) (107 S. E. 325). In certifying to such recital in the motion the judge did not certify when the objection to the evidence was made, or when the reason for the objection was stated, whether at the time the evidence was offered, or whether it was made for the first time when the amendment to the motion for a new trial was presented and filed. In the latter instance, it would of course be too late. Neither the objection nor the reasons therefor can be raised for the first time in the motion for a new trial or an amendment thereto. So far as we have been able to ascertain, all approved methods of presenting such grounds of amendment to the motion for a new trial contain, in effect, some such recital as this: "Movant objected to the admission of such evidence at the time the same was offered [or at some other specified proper time at the trial], and then and there urged the following grounds of objection thereto [setting out the objections that were made and the reasons that were urged at the trial]." Such a recital in a ground, when certified to by the judge, enables this court to immediately proceed to pass on the question of the admissibility of the evidence, without having to sift through page after page of the brief of evidence in order to ascertain whether the movant objected at the proper time to the various specified parts of the evidence. The grounds complaining of the admission of specified evidence do not recite at what time the objections set forth in the grounds were made, whether at the trial or later in the motion for new trial, and thus raise no question for consideration by this court. *Stalnaker* v. *Baird,* supra. The words in our decision indicating that Geraldine McKinney was in the stolen automobile with the defendant when he was caught driving it have been stricken, as suggested by counsel for plaintiff in error.

*Rehearing denied. Broyles, C. J., and Gardner, J., concur.*