### 33406. DUNN *v.* THE STATE.

MACINTYRE, P. J. 1. "Objection as to the competency of an infant of tender years to testify as a witness will not be considered when no such objection was made at the trial. The question can not be first raised by a motion for a new trial." *Polk* v. *State,* 18 *Ga. App.* 324 (5) (89 S. E. 437); *Lively* v. *State,* 178 *Ga.* 693 (1) (173 S. E. 836); *Enzor* v. *State,* 63 *Ga. App.* 79, 81 (10 S. E. 2d, 213); *Mills* v. *State,* 104 *Ga.* 502 (30 S. E. 778).

2. The Code defines an assault as "an attempt to commit a violent injury on the person of another," and a battery as "the unlawful beating of another." Code, §§ 26-1401, 26-1408. " 'To beat, in a legal sense, is not merely to whip, wound, or hurt, but includes any unlawful imposition of the hand or arm.' " *Hunt* v. *State,* 49 *Ga. App.* 13 (174 S. E. 156); *Goodrum* v. *State,* 60 *Ga.* 509, 511. The slightest touching of another in anger is a battery and to touch a virtuous child in the way of illicit and perverse love is a far greater outrage than to touch

her in anger, and equally a breach of the peace. *Hunt* v. *State,* supra. Applying these rules to the evidence in the present case, we entertain no doubt that the evidence was sufficient to authorize the verdict finding the defendant guilty of an assault and battery. The prosecutrix testified that at a time when she was six years old, the defendant pulled her into his lap while she was in his house, pulled down her under garments, placed his hand upon her private parts, picked her up, tried to put her upon the bed. She began to cry and he put her down and she ran home.

The court did not err in overruling the motion for a new trial, based solely upon the general grounds.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED APRIL 3, 1951.

*Stevens & Stevens,* for plaintiff in error.

*J. Cecil Davis, Solicitor-General,* contra.