(December 2, 1922.)

## PEOPLE ex rel. THOMPSON, et al., Respondents, v. R. B. COTHERN, C. S. THOMPSON, Appellants, and SADIE MERRITT, Defendant.

[210 Pac. 1000.]

MANDAMUS—SCHOOL TRUSTEES—REMOVAL OF SCHOOLHOUSE—JUDGMENT —CERTAINTY—COSTS.

1. The district court has jurisdiction to issue a writ of mandate to compel the trustees of a common school district to return to its proper location a schoolhouse moved without authority from the electors.

2. A judgment should never leave the question of whether or not it should be enforced to the discretion of the parties to whom it is addressed.

3. Costs in an action against school trustees on account of their wrongful acts are not taxable against the school district.

APPEAL from the District Court of the Sixth Judicial District, for Custer County. Hon. Ralph W. Adair, Judge.

*Mandamus* to compel school trustees to return schoolhouse to proper location. Judgment for plaintiff. *Modified.*

W. W. Adamson, for Appellants.

District courts have general jurisdiction in all matters both in law and equity. (Const., art. 5, sec. 20; C. S., sec. 6457; *Coleman v. Jaggers,* 12 Ida. 125, 85 Pac. 894.)

At the time of the adoption of the constitution cases that were neither recognized by the common law nor the statute law as a "case either at law or equity" (as in this case) are not included within the original jurisdiction of district courts. (*Toncray v. Budge,* 14 Ida. 621, 95 Pac. 26.)

The state board of education shall constitute a final court of appeal in all educational controversies, shall perform legislative functions not inconsistent with law and shall delegate to its executive officers the execution of all policies

decided upon. (C. S., secs. 790, 800, 803, subd. 16; 1921 Sess. Laws, p. 454.)

The matters in question are under the supervision and control of the state board of education and could have been speedily determined by that board without resort to the district court. (Const., art. 9, sec. 2; 1921 Sess. L., p. 454; C. S., sec. 803, subd. 16.)

The plaintiffs could have appealed to the state board of education, which is a final court of appeal in these matters, and had all questions involved speedily adjusted and finally settled. (C. S., sec. 790.)

The court erred in entering judgment for costs personally against R. B. Cothern and C. S. Thompson, when they were defending this action for the school district. (C. S., sec. 894.)

Whitcomb, Cowen & Clark, for Respondents.

The judicial department of the state has exclusive power to adjudicate matters in question and at issue in this case, exclusive of any right or power of the state or county board of education. (Sec. 1, art. 2; secs. 2, 9, 20, art. 5, Const.; C. S., sec. 6457.)

It was the duty of the trustees to make the repairs. (Sess. Laws 1921, p. 448, subd. 11.)

It was the duty of the county superintendent to direct the trustees of the school district to put the school building in proper repair, which she apparently did not do. (C. S., sec. 876.)

There existed no authority for the county health officer to close the school or to order the same to be closed, for reasons given by him. It was his duty to report to the department of public health. (C. S., sec. 1658.)

McCARTHY, J.—This is a *mandamus* proceeding brought by respondents against appellants as trustees of Common School District No. 6 of Custer county, alleging that they have unlawfully removed the school from the place, where it was lawfully established and has been for a long time

maintained, to another place, without authority from the people of the district so to do, and praying that they be compelled to return it to the former location. Appellants Cothern and Thompson in their answer set up that the school was condemned and closed by order of the county board of public health as unsanitary, and that they moved it for that reason. Defendant Merritt alleges in her answer that she dissented from the order made by the appellants and at no time gave her consent to the removal. After trial the lower court ordered appellants and defendant Merritt, as trustees of the school district, to return all the school equipment to the original schoolhouse and to open and maintain school there. It also commanded them to make all necessary and proper repairs and additions to said school building, required to place the same in a proper and sanitary condition, should it be found that such changes and repairs were needed, and to accept donations of any material and labor offered, having proper regard for the financial condition and resources of the said school district. From an order denying a motion for a new trial and from the judgment this appeal is taken. The appeal from the order denying a new trial having heretofore been dismissed by this court, the case now stands on appeal from the judgment. The judgment-roll being the only record before this court, the sole question is whether it sustains the judgment.

C. S., sec. 887, provides that a schoolhouse shall not be moved, nor a new site be designated except when directed by a two-thirds vote of the electors of the district voting at an election held for that purpose. Whatever may be the power of a county board of health to close a schoolhouse on the ground that it is unsanitary, the trustees cannot move a school to another location without authority from the electors. There is no contention that authority to move the schoolhouse was granted by the electors. Appellants contend that the power vested in the state board of education by the constitution, art. 9, sec. 2, and C. S., secs. 790, 800 and 803, and Sess. Laws 1921, chap. 215, sec. 49, excludes any jurisdiction or power on the part of the courts to

act in such a case. This contention is without merit. The district court has original jurisdiction in all cases both at law and in equity. (Const., art. 5, sec. 20.) This grant of jurisdiction is broad enough to include jurisdiction to issue the writ of mandate in cases provided by C. S., sec. 7254, which provides that such writ may be issued by any court except a justice's or probate court to any inferior board to compel the performance of an act which the law especially enjoins. The judgment-roll supports the judgment of the court so far as it orders appellants to return the school equipment to the old site and there open and maintain a school.

However, we conclude that the part of the judgment which orders appellants to make all necessary and proper repairs and additions to the school building, should it be found that such are needed, and to accept donations of material and labor, having proper regard to the financial conditions and resources of the said school district, is not within the issues presented by the petition for the writ and the answer. Moreover, by the use in the judgment of the words "should it be found that said changes and repairs should be needed" the matter is left to the discretion of appellants. No judgment, especially a permanent writ of mandate, should leave the question of whether or not it should be enforced to the discretion of the parties to whom it is addressed. For these reasons we conclude that this portion of the judgment is improper.

Appellants contend that the district court erred in taxing costs against them, claiming that the costs should have been assessed against the district under the provisions of C. S., sec. 894. This section applies only to actions properly brought for or against a school district and not to an action like the present, brought against the trustees on account of their wrongful act. The lower court did not err in this regard.

Other matters assigned as error we do not think it necessary to expressly mention. The action is remanded to the district court, with instructions to modify the judgment and

peremptory writ of mandate by striking out of them the provisions in regard to repairs and additions to the school building, and with such modification the judgment is affirmed. No costs are awarded on this appeal.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.