HAND *v.* BERRY.

No. 7589. JUNE 16, 1930. REHEARING DENIED JULY 26, 1930.

744

*Maddox, Matthews & Owens,* for plaintiff in error.

*Wright & Covington* and *Barry Wright,* contra.

GILBERT, J. Through her father as next friend, Rena Berry brought against R. M. Hand an equitable petition for the sole purpose of procuring a decree annulling their marriage. The allegations of the petition are that petitioner was fifteen years old on January 9, 1929, was living with and supported by her parents, attending school, and had never engaged in any work or occupation; that defendant is nineteen years old, and resides with his mother; that on August 17, 1929, petitioner, with the defendant and another young couple, attended a dance at a hotel located at Cloudland, where they were met by the sister of the petitioner and her husband, by whom the two young couples were to be chaperoned; that after dinner, in a spirit of hilarity, and without serious intent so far as petitioner knew, the four young people began teasing each other about getting married, and in a spirit of fun, braggadocio, and levity began daring each other to get married, and after this had gone on for a little while some of petitioner's party informed the brother-in-law of petitioner that the two young couples were going for an automobile ride but would return shortly; that the two young couples, declaring to each other in jest that they would get married, and under the influence of mutual dares and challenges that they would get married, proceeded to Fort Payne, Ala., where, at about eleven o'clock at night, they located the probate judge, procured licenses, and were married; that petitioner did not intend to contract marriage with defendant; that she was acting in a spirit of misguided fun and jest, and under the spirit of the mutual challenging and daring of each other, and without any real recognition or knowledge of the effect or consequence of her act, and without really understanding or realizing the serious and definite legal effect of such act; that the ceremony of marriage was entered into in jest, with no intention of entering into an actual marriage status, or of assuming the obligations or privileges thereof; that petitioner has never cohabited or lived with the defendant nor recognized him as her husband. It is also alleged that in procuring the marriage license defendant represented that the petitioner was eighteen years old and that he was twenty-one; that petitioner did not at the

time realize or understand the real purport of such statements, but has since learned that they were made for the purpose of avoiding the necessity of getting the written consent of her parents; that these misrepresenations on the part of the defendant were in the nature of fraud, and resulted in the giving by petitioner of an apparent consent without a real consent on her part, and in her acting under a mistake of fact induced by defendant; and that the marriage should therefore be declared null and void.

A general demurrer, on the ground that under the law of this State "a court of equity is without jurisdiction or power to annul a marriage under any circumstances," was overruled, and the defendant excepted. The brief of plaintiff in error cites previous decisions of this court which touched upon the question of annulment of marriages, but which left open and undecided the main proposition as to the jurisdiction of a court of equity to annul a marriage in a proper case. The brief of counsel "frankly" expresses the opinion that a court of equity "ought to have" such power, but states that the demurrer was filed because of the doubt existing in his mind by reason of the former decisions of this court. The brief filed by counsel for defendant in error, after stating that the only question raised by the demurrer was whether, under general equity jurisdiction, a marriage may be annuled, further states: "No other question is presented in the record. There is no question as to the sufficiency of the facts alleged in case the court has the fundamental jurisdiction. No exceptions to the allegations of fact were made. This court, therefore, is not called upon to rule on the sufficiency of such facts."

This court has no power to rule upon abstract questions not involved under the pleadings and the evidence of the specific case before it. "A judgment is 'the sentence of the law upon the record.' It is the application of the law to the facts and pleadings. Any other view would be illogical and tend to confusion and chaos in the administration of justice. Black v. Early, 208 Mo. 281, 106 S. W. 1014, and cases cited. . . 'The courts can not, ex mero motu, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings. The parties, by their attorneys, make the record, and what is decided within the issue is res adjudicata; anything beyond is coram non judice and void.' Andrews' Stephen's Pleading, 2d ed., p. 34.

See also Reynolds *v.* Stockton, 140 U. S. 254, 11 Sup. Ct. Rep. 773, 35 L. ed. 464."

A decision of this court in any particular case extends no further than the facts pleaded. Anything beyond that would be obiter dictum. In this case the petition is to be adjudged by the facts pleaded. These facts show that both parties had arrived at the age at which, under the law, they were authorized to contract marriage. A proper construction of the pleadings shows that, although the marriage was agreed upon and took place in a spirit of levity and joke, nevertheless there was no fraud on the part of either party as against the other. The pleaded facts of the case, therefore, fail to disclose any informality or any other cause for setting aside the marriage. The marriage contract is peculiar in that it differs from other ordinary contracts. Society in general is concerned in all marriage contracts, and therefore they can not be set aside lightly and without cause. However much this court might be disposed to decide the abstract question presented, that is, whether a court of equity has jurisdiction *in any case* to annul a marriage contract, we are without jurisdiction to do so in the present case. Leaving that question open, the only question to be decided is whether or not the facts alleged in the petition, conceding for present purposes the jurisdiction in equity, are sufficient to set out a cause of action. Clearly the alleged facts fail to set out a cause of action, and the court erred in overruling the demurrer. While counsel for defendant in error insist that the demurrer does not bring in question the facts of the case, we can not agree to this contention. The demurrer is obliged to be considered as a general demurrer, challenging the legal sufficiency of the petition, and not as referring to an abstract question not applicable to nor limited by the facts alleged.

*Judgment reversed. All the Justices concur.*

Russell, C. J., and Beck, P. J., concur in the judgment.