## MOSELEY *v.* THE STATE.

No. 9325. APRIL 14, 1933.

*H. J. Lawrence,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, J. B. Moore, solicitor,* and *T. R. Gress, assistant attorney-general,* contra.

BELL, J. Jim Moseley was tried upon an accusation containing two counts. The first count was based upon section 5 of the act of August 24, 1931 (Ga. L. 1931, p. 169), by which it was made a penal offense for any person "to take fish from any of the fresh waters of Georgia by means of" traps or other similar devices, the specific charge being that the defendant did fish in the fresh waters of this State by means of "basket and traps." The second count was based upon section 2 of the same act, by which it is made unlawful to fish by any means from April 15 to June 1 of each year. The defendant was convicted only of the offense charged in the first count. After sentence he filed a motion in arrest of judgment, raising certain constitutional questions; and this motion being overruled, he sued out a bill of exceptions. The contentions made in the motion in arrest of judgment were as follows: (1) The act "attempts to become a general law and a special or local law all at the same time, because in section 2 of said act it pretends to be a general law regulating the catching of fish in the whole State of Georgia, while in section 3 of said act it specifically excepts 19 counties of the State of Georgia from the operation of said law, and prescribes an entirely different law and prescribes an entirely different open season for fishing in one part of the State and a season much longer in length, said act being contrary to and in violation of the constitutional provision that 'Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law.'" (2) "Said act, being in the nature of a general act and a local act, could not be properly passed" without first being advertised in accordance with the constitutional requirement as to advertising local measures for 30 days prior to their introduction in the General Assembly, and "the journals of the General Assembly show that no such notice was given as to the 19 counties" mentioned in section 3. (3) The act is in violation of and contrary to the constitutional provision against the passage of any

law or ordinance which refers to more than one subject-matter or contains matter different from what is expressed in the title. The motion pointed out that the caption does not mention the nineteen counties referred to in section 3, and does not mention the license fees as prescribed in section 6. (4) The act, being unconstitutional and void, failed to repeal section 23 of the act approved August 26, 1925 (Ga. L. 1925, p. 302), providing for the establishment of a closed season upon the recommendation of the grand jury.

As indicated above, the defendant was convicted only of fishing "by means of basket and traps," contrary to section 5 of the act in question; and there is no contention that this part of the act was not a general law. Assuming, without deciding, that section 2 which purported to prescribe a general closed season, and section 3 which modified the the provisions of section 2 as to 19 counties specified, might be subject to criticism on constitutional grounds, we are of the opinion that the defendant here is not in a position to attack either of these sections. Even if these sections, taken separately or together should be considered as a mere local law, this fact alone would not invalidate the provisions contained in section 5, which was enacted as a general law. The constitutional provision that "Laws of a general nature shall have uniform operation throughout the State, and no special law shall be enacted in any case for which provision has been made by an existing general law" (Civil Code of 1910, § 6391) does not prevent the enactment of a law which is in part general and in part local, but merely prohibits the passage of any special law in a case for which provision has been made by an existing general law. If the part of the act relating to the nineteen counties was subject to attack upon the ground that the introduction of the bill was not previously advertised in accordance with the constitutional requirement as to local measures (§ 6444), this attack could not destroy other provisions of the act intended and expressed as a general law, unless the general legislative scheme would be thereby defeated. If a "statute is in part constitutional and valid, and in part unconstitutional and invalid, and the objectionable portion is so connected with the general scheme that, should it be stricken out, effect can not be given to the legislative intent, the whole statute, section, or portion must fall; but where an act can not be sustained as a whole, the courts will uphold it in part, when it is reasonably certain that to do so would correspond

892

with the main intent and purpose which the legislature sought to accomplish by its enactment, if, after the unconstitutional part is stricken, there remains enough to accomplish that purpose. An act can be pro tanto unconstitutional." *Bennett* v. *Wheatley*, 154 *Ga.* 591, 595 (115 S. E. 83).

Again, while it was insisted that the act contained matter different from what was expressed in its title, this contention was not made as to section 5; and under the principles stated above, this section appears to be entirely valid as against the objections made. The court did not err in overruling the motion in arrest of judgment. *Judgment affirmed. All the Justices concur.*