(No. 6618.  December 15, 1938.)

MURTAUGH HIGHWAY DISTRICT, Respondent, v. AL-
LEN C. MERRITT, Commissioner of Public Works of
the State of Idaho, and J. H. STEMMER, Director of
Highways of the State of Idaho, Appellants.

[85 Pac. (2d) 685.]

J. W. Taylor, Attorney General, and Charles S. Stout, Assistant Attorney General, for Appellants.

J. H. Barnes, for Respondent.

HOLDEN, C. J.—In 1924, Highway No. 30 was completed and open to travel across southern Idaho from Weiser to the state line near Montpelier. It was a federal aid state highway and a portion of it was constructed through Murtaugh Highway District. December 11, 1934, G. E. McKelvey, then commissioner of public works of the state of Idaho, commenced an action in the district court of the eleventh judicial district for Twin Falls county for the purpose of condemning a right of way across the lands of James L. Barnes and others, one of the stated purposes of the condemnation proceedings being to remove certain allegedly dangerous curves in that part of said highway crossing and within said district.

December 29, 1934, respondent Murtaugh Highway District obtained leave and filed a complaint in intervention. Paragraph numbered IV of its complaint alleged:

"That there is at present existing a hard-surfaced (oiled gravel) highway between the points where said proposed new highway leaves and reenters said Highway No. 30, namely, between Station 0*00 and Station 267*88.4 as marked on said Exhibit A; that said existing highway is shown in black on said Exhibit A, and has a length of approximately six miles, and is all within the territorial limits of the Murtaugh Highway District; that plaintiff in intervention cooperated with the above named plaintiff, acting through its Department of Public Works, in the construction of said six mile stretch of highway, and has expended large sums of its money in the construction thereof and in obtaining rights of way therefor; that since its construction, said stretch of highway has been maintained by plaintiff as a state highway, and said six mile stretch of highway is a state highway as defined by the statutes of the State of Idaho; that plaintiff in intervention is informed and believes and upon such information and belief alleges that if plaintiff succeeds in this action and obtains a right of way for said proposed new highway, it will abandon the existing highway between said stations and will refuse longer to maintain same; that there are irrigated farms bordering said stretch of highway, the owners and occupants of which have no other road available for going from said farms to the town of Murtaugh, or other towns, for the purpose of marketing their crops, and for whose use and benefit said stretch of highway must be maintained; that plaintiff in intervention cooperated with plaintiff in the construction of said stretch of highway with the understanding that such highway was planned and designed to be a permanent part of said Highway No. 30, and that the same would be maintained by plaintiff as a state highway, as the rest of said Highway No. 30 has been and is being maintained; that for the plaintiff to abandon said six-mile stretch of highway and to refuse longer to maintain same would throw upon plaintiff in intervention an unjust burden and one which it did not contemplate having to bear at the time it aided in the construction of said road."

Commissioner McKelvey filed an answer to the complaint in intervention. In his answer to the district's complaint, he alleged, among other things, that:

"Admits that there is, at present, existing a hard-surfaced highway between the points where said proposed new highway leaves and re-enters said highway number 30, as alleged in the complaint in intervention; and admits that the intervenor cooperated with plaintiff in the construction of said six-mile stretch of highway and has expended certain sums of money in the construction thereof and in obtaining rights of way therefor; and admits that since its construction said stretch of highway has been maintained by plaintiff as a state highway and that the same is now a state highway as defined by the statutes of the State of Idaho; that plaintiff denies generally each and every other allegation of paragraph IV of said complaint in intervention."

The commissioner also moved to strike respondent's complaint in intervention and in support of his motion contended that respondent Murtaugh Highway District had "no right to appeal or defend in this proceeding since the said intervenor does not show that it is in occupation of or claims any interest in any of the property described in the complaint or in the damages for the taking thereof."

The trial court sustained the motion to strike and entered the following order:

"Wherefore it is ordered and adjudged that the complaint in intervention of the Murtaugh Highway District be, and the same hereby is stricken, and that the action of said Murtaugh Highway District be and the same hereby is dismissed, upon the ground and for the reason that said district has no claim to the property sought to be condemned and/or to the damages therefor."

Thereafter, judgment of dismissal of the district's complaint in intervention was entered, from which the district appealed to this court. (*State v. Barnes,* 55 Ida. 578, 45 Pac. (2d) 293.) On appeal, this court held that the highway district, as the corporate representative of the people, had the right to intervene and "be heard in litigation involving the condemnation of rights of way for highways, and the laying out, alteration and change thereof," and reversed the judg-

ment of dismissal of the trial court and remanded the cause with instructions to reinstate the highway district's complaint in intervention.

Following the filing of the *remittitur* in the court below, the cause was tried and the court found as follows:

"That there is at present existing a hard-surfaced (oiled gravel) highway between the points where said proposed new highway leaves and re-enters said Highway No. 30, namely, between Station 0 plus 00 and Station 267 plus 88.4 as marked on said Exhibit A; that said existing highway is shown in black on said Exhibit A, and has a length of approximately six miles, and is all within the territorial limits of the Murtaugh Highway District; that plaintiff in intervention co-operated with the above named plaintiff, acting through its Department of Public Works, in the construction of said six-mile stretch of highway, and has expended large sums of its money in the construction thereof and in obtaining rights of way therefor; that since its construction, said stretch of highway has been maintained by plaintiff as a state highway, and said six mile stretch of highway is a state highway as defined by the statutes of the State of Idaho; that there are irrigated farms bordering said stretch of highway, the owners and occupants of which have no other road available for going from said farms to the town of Murtaugh, or other towns, for the purpose of marketing their crops; that plaintiff in intervention cooperated with plaintiff in the construction of said stretch of highway with the understanding that such highway was planned and designed to be a permanent part of said Highway No. 30 and that the same would be maintained by plaintiff as a state highway. And the court further finds that the plaintiff herein denies that it intends to abandon said portion of said Highway No. 30."

And, as a conclusion of law, the court found:

"That nothing in these findings or conclusions of law shall be deemed to permit or authorize the abandonment of the portion of said U. S. Highway No. 30, mentioned in paragraph Five of the findings of fact, between stations 0 plus 00 and 267 plus 88.4."

And by its judgment the court decreed, among other things, as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DE-CREED That nothing in this decree shall be construed as permission or authority for the plaintiff to abandon that portion of U. S. Highway No. 30 between Station 0 plus 00 and 267 plus 88.4."

The foregoing excerpts from the findings, conclusions of law, and judgment show clearly that the court decreed condemnation for a *new road* and not an *alteration* or *change* of the existing road comprising the six miles now proposed to be abandoned.

Following the entry of judgment of condemnation, the commissioner constructed the desired change in Highway No. 30 and opened the same to travel on or about the 15th day of July, 1937.

December 6, 1937, J. M. Johnston, district engineer of the Department of Public Works, notified respondent Murtaugh Highway District that that portion of Highway No. 30 lying within the Murtaugh Highway District, the maintenance of which is involved in this case, had been abandoned.

December 20, 1937, respondent Murtaugh Highway District filed a petition in the district court of the eleventh judicial district in and for Twin Falls county for a writ of mandate to compel the then commissioner of public works, Ira J. Taylor, and its director, J. H. Stemmer, to maintain said portion of Highway No. 30. On the same day, an order was entered directing the issuance of an alternative writ of mandate, pursuant to which the alternative writ issued and was served upon the commissioner and director, respectively.

January 13, 1938, Taylor and Stemmer demurred to the petition upon the ground, among others, that the bureau of highways and the Department of Public Works were not proper parties defendant and that the court was without jurisdiction of the subject matter of the action, and, upon the same grounds, also moved to quash the alternative writ. On the same day, the demurrer and motion were heard. February 10, 1938, the court entered an order ruling that the department of public works and the bureau of highways were not proper parties defendant and directed that the petition be dismissed as to said department and bureau, but otherwise

overruled the demurrer, and the court also sustained the motion to quash the alternative writ of mandate in so far as the Department of Public Works and the bureau of highways were affected, but otherwise denied the motion, granting petitioner Murtaugh Highway District ten days within which to file and serve an amended petition.

February 12, 1938, respondent district filed an amended petition, omitting the department of public works and the bureau of highways as party defendants. It, however, sought a "writ of mandate to compel defendants (Taylor and Stemmer) to perform all acts with regard to the maintenance of said road (that part of Highway No. 30 involved in this controversy) which the law especially enjoins as a duty." March 1, 1938, Taylor and Stemmer demurred to the amended petition and also moved to dismiss the proceedings, which demurrer and motion the court later, June 27, 1938, overruled and denied. The pertinent allegations of the amended petition follow:

"V.

"That on the 17th day of June, 1935, said intervenor's cause (referring to the above-mentioned condemnation proceedings) was heard on its merits before the above entitled court, and on the 21st day of June, 1935, Findings of Fact, Conclusions of Law and Judgment or Decree were made and entered therein.

"VI.

"That Paragraph VI of said Findings of Fact reads as follows: 'That there is at present existing a hard-surfaced (oiled gravel) highway between the points where said proposed new highway leaves and reenters said Highway No. 30, namely, between Station 0 plus 00 and Station 267 plus 88.4 as marked on said Exhibit A; that said existing highway is shown in black on said Exhibit A, and has a length of approximately six miles, and is all within the territorial limits of the Murtaugh Highway District; that plaintiff in intervention cooperated with the above named plaintiff, acting through its Department of Public Works, in the construction of said six mile stretch of highway, and has expended large sums of its money in the construction thereof and in obtaining rights of way therefor; that since its construction, said

stretch of highway has been maintained by plaintiff as a state highway, and said six mile stretch of highway is a state highway as defined by the statutes of the State of Idaho; that there are irrigated farms bordering said stretch of highway, the owners and occupants of which have no other road available for going from said farms to the town of Murtaugh, or other towns, for the purpose of marketing their crops; that plaintiff in intervention cooperated with plaintiff in the construction of said stretch of highway with the understanding that such highway was planned and designed to be a permanent part of said Highway No. 30, and that the same would be maintained by plaintiff as a state highway. And the Court further finds that the plaintiff herein denies that it intends to abandon said portion of said Highway No. 30.'

"VII.

"That Paragraph VI of Conclusions of Law reads as follows: 'That nothing in these findings or conclusions of law shall be deemed to permit or authorize the abandonment of the portion of said U. S. Highway No. 30, mentioned in Paragraph Five of the Findings of Fact, between Stations 0 plus 00 and 267 plus 88.4.'

"VIII.

"That the last paragraph of said Judgment or Decree reads as follows: 'IT IS FURTHER ORDERED, ADJUDGED AND DECREED That nothing in this decree shall be construed as permission or authority for the plaintiff to abandon that portion of U. S. Highway No. 30 between Stations 0 plus 00 and 267 plus 88.4.' "

It is further alleged in paragraph IX of the amended petition that no appeal was ever taken from the judgment rendered and entered in the said condemnation proceedings, and that said judgment had become final and was *res judicata* as to the duty of maintaining said "six-mile stretch of highway," being that part of Highway No. 30, the maintenance of which is involved in this case.

Taylor and Stemmer answered the amended petition, admitting paragraph V, above quoted, and as to the above-quoted paragraphs numbered VI, VII, VIII, and IX, alleged as follows:

"V.

"Answering Paragraphs VI, VII and VIII of said Petition, defendants admit that the said Findings of Fact, Conclusions of Law and Judgment or decree contained the provisions therein set forth, but allege that said provisions of said Findings of Fact, Conclusions of Law and Judgment or Decree were not properly within the issues of said case and the Court was without jurisdiction to make and enter the same and said provisions are ineffective and void and of no force and effect herein or at all.

"VI.

"In answer to Paragraph IX of said Petition, the defendants admit that no appeal was taken from said Judgment or Decree therein referred to, but deny that any duty was imposed on defendants herein by reason of said Judgment or Decree to maintain the road therein referred to, the maintenance of which is herein sought to be compelled, and the same is not *res adjudicata* as to the duty of the defendants herein to maintain said road."

May 31, 1938, it was stipulated between the parties that the name of Ira J. Taylor be stricken and the name of Allen C. Merritt (Taylor's successor in office) be substituted therefor, and, accordingly, an order was made and entered making the stipulated substitution.

May 2, 1938, the case was tried and July 6, 1938, findings of fact and conclusions of law were made and filed and judgment entered thereon, directing the issuance of a peremptory writ of mandate requiring that the "six-mile stretch" of Highway No. 30 involved in this litigation be maintained by defendants.

July 6, 1938, the peremptory writ issued. July 18, 1938, the commissioner and director appealed to this court from the judgment entered July 6, 1938.

Appellants contend the trial court was without jurisdiction of the subject matter of this suit, and, therefore, without jurisdiction to issue the writ of mandate compelling them to maintain that part of Highway No. 30 involved on this appeal. At the threshold of the discussion of that question, we find that before, and at the time, Highway No. 30 was

either planned or surveyed, the legislature had provided:

"The department of public works is authorized to enter into an agreement with the board of county commissioners of any county, the board of highway commissioners of any highway or good road district, through which a state highway is planned, to assume the maintenance of any existing highway, or jointly to improve any existing highway or to construct a new highway or any part or portion thereof.

. . . . . . . . . . . . .

"The work on any highway agreed to be improved or constructed jointly, shall be performed under the provisions of this chapter and under the supervision of the department of public works, but any contract for such improvement or construction shall have the written concurrence and approval of the local board." (Chap. 64, sec. 10, subd. 8a, p. 163, 1915 Sess. Laws, now a part of sec. 39–2108, I. C. A.)

The Department of Public Works and any highway district through which it was planned to construct a state highway were thereby authorized to cooperate with each other in the construction of that particular part of the highway, and to that end the department "was authorized to enter into an agreement" for the construction of such part of the "new highway" and, in consideration of the cooperation of such highway district in said construction, it is clear the above-quoted statute also authorized the department to "assume the maintenance" of that part of the highway jointly constructed.

In the case at bar, respondent alleged, in effect, that it cooperated in the construction of the "six-mile stretch" of highway in question, by obtaining rights of way therefor, and also by the expenditure of large sums of money, with the understanding that the department would maintain it, and, appellants admit respondent cooperated and "expended certain sums of money in the construction thereof and in obtaining rights of way therefor," and the trial court found respondent cooperated by obtaining rights of way for, and expending large sums of money in, the construction of said "six-mile stretch" with that understanding. Notwithstanding the fact it is expressly admitted respondent so cooperated in the construction of said portion of Highway No. 30 by the

expenditure of money and obtaining rights of way, and, further, notwithstanding the fact the only method by which the Department of Public Works could lawfully have cooperated with respondent and received, expended, and used its money in the work of construction, was by "entering into an agreement" with respondent for joint construction, as provided by the above-quoted statute, it is, nevertheless, argued that if there was such an agreement it should have been produced. It is well settled that it is unnecessary to prove any fact, or facts, admitted by the pleadings. Consequently, appellants will not be permitted to admit, as in the case at bar, the facts clearly establishing the making of a contract for joint construction, and then either demand production of the contract or deny that a contract was actually made. We have here a valid agreement entered into between the district and the department under clear statutory authority.

Appellants contend, however, that discretion is vested in them to alter any state highway whenever, in their judgment, the public interest so demands, in that it is provided by subdivision 6 of sec. 65–3101, I. C. A., that the Department of Public Works shall have power "to improve, alter or extend any state highway heretofore or hereafter laid out or constructed." In other words, as we understand appellants, they contend that notwithstanding the provisions of sec. 39–2108, *supra,* expressly authorizing the Department of Public Works and highway districts to cooperate, as was done in the case at bar, and regardless of the duty imposed upon them by statute (sec. 39–2107, I. C. A., and sec. 39–2108, *supra*) to maintain, after construction, that part of the highway so jointly constructed, they may, nevertheless, under the provisions of that subdivision, abandon and refuse to maintain it. To so construe that subdivision would work a complete nullification of the provision of the statute imposing the duty upon appellants to maintain the "six-mile stretch" of Highway No. 30 involved here. Furthermore, it would enable the department to enter into a joint construction agreement with a highway district, accept valuable rights of way purchased by the district, and also accept, expend, and use the district's money in substantial sums, and then, even the next day after completion, abandon and refuse to maintain

the section of highway so jointly constructed. Such an interpretation would convert sec. 39–2108, *supra,* into a trap with which to decoy a highway district into contributing money for construction purposes and permit the commissioner and director to use the district's money for such purposes and abandon the section jointly constructed. We cannot attribute to the legislature an intention which would make that possible. It is clear to our minds that the legislature did not intend by said subd. 6, nor by subd. 5 of sec. 65–3101, *supra* (providing that the Department of Public Works shall have power to lay out, build and construct new roads at any place in the state), to vest discretion in the commissioner and director to refuse to maintain a section of a state highway so jointly constructed. It follows that subd. 6, *supra,* does not apply to cases arising under that section (sec. 39–2108, *supra*).

It will be conceded the state cannot be sued without its consent and a court cannot substitute its own discretion for that of executive officers in matters belonging to the proper jurisdiction of the latter. But, as held by the Supreme Court of the United States in *Board of Liquidation v. McComb,* 92 U. S. 531, 23 L. ed. 623, "it has been well settled that, when a plain official duty, requiring no exercise of discretion, is to be performed, and performance is refused, any person who will sustain personal injury by such refusal may have a *mandamus* to compel its performance; and when such duty is threatened to be violated by some positive official act, any person who will sustain personal injury thereby, for which adequate compensation cannot be had at law, may have an injunction to prevent it. In such cases, the writs of *mandamus* and injunction are somewhat correlative to each other." To the same effect: *Cunningham v. Macon etc. R. Co.,* 109 U. S. 446, 454, 3 Sup. Ct. 292, 27 L. ed. 992, 995; *Hagood v. Southern,* 117 U. S. 52, 69, 6 Sup. Ct. 608, 29 L. ed. 805, 810.

It was contended in the trial court, as it is here, that the court was without jurisdiction of the subject matter of the action in that respondent was actually suing the state and, consequently, the Department of Public Works and the bureau of highways were not proper parties defendant. The trial court sustained that contention and dismissed the department

and bureau. The action then became one to compel the commissioner of the department and the director of the bureau to perform a plain official duty, requiring no exercise of discretion, a duty which they had refused to perform. And it appearing to the lower court that respondent would sustain an injury by such refusal, it entered judgment directing the issuance of a peremptory writ of mandate commanding the performance of that duty.

The judgment must be affirmed and it is so ordered.

Morgan, Ailshie, Budge and Givens, JJ., concur.