## MANNING *v.* UPSHAW *et al.*

No. 16359. OCTOBER 11, 1948.

*Noah J. Stone* and *John F. Echols,* for plaintiff.
*Russell & Darsey* and *John A. Darsey Jr.,* for defendants.

ATKINSON, Presiding Justice. (After stating the foregoing facts.) ■ "In order for plaintiff to enforce a private right by mandamus he must show pecuniary loss for which he can not be compensated in damages." Code, § 64-105. But "where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that plaintiff is interested in having the laws executed and the duty in question enforced." § 64-104; *Plainfield Consolidated School Dist.* v. *Cook,* 173 *Ga.* 447 (160 S. E. 617); *Atlanta Title & Trust Co.* v. *Tidwell,* 173 *Ga.* 499 (1) (160 S. E. 620, 80 A. L. R. 735); *Pearce* v. *Wisdom,* 175 *Ga.* 663 (1) (construing Constitution); *Bankers Savings & Loan Co.* v. *Better Business Div.,* 177 *Ga.* 334 (1) (170 S. E. 291); *Thomas* v. *Ragsdale,* 188 *Ga.* 238 (1) (3 S. E. 2d, 567).

The right involved in the instant case is a public one, the object to enforce the performance of a public duty; and therefore the petitioner, as a citizen and a voter, may maintain a petition for mandamus as one interested in having the laws executed and the duty in question enforced.

■ The mayor and councilmen do not contest the validity of the act, but contend that its constitutionality can not be asserted in this proceeding. They insist that a citizen and voter is precluded from attacking the constitutionality of the act for lack of an interest therein.

. It is sound law that the constitutionality of a law can not be raised by one who alleges no injury to himself by its enforcement, or by one whose rights it does not affect, or where its enforcement is not an infringement of his rights of person or property; and that this court will not consider an attack upon the constitutionality of an act by one who does not show an injury to him by its enforcement. *Reid* v. *Eatonton,* 80 *Ga.* 755 (1) (6 S. E. 602); *Plumb* v. *Christie,* 103 *Ga.* 686 (2) (30 S. E. 759, 42 L. R. A. 181); *Webb* v. *Atlanta,* 186 *Ga.* 430 (5) (198 S. E. 50).

Applying the foregoing legal principles to the facts above stated, a question for determination is whether a citizen and voter of the Town of Alpharetta has such interest and right so as to assert injury to himself, as such, by the enforcement of the terms of the act of 1947 (Ga. L. 1947, p. 519), and authorize him

to attack it as being unconstitutional. Under the charter of the Town of Alpharetta (Ga. L. 1920, p. 688), the right of a voter to vote and elect the mayor and councilmen is conferred. It can not be said that this is not a personal right, the denial of which would be an injury as an infringement of that right. Such citizens who are voters have the right to elect the mayor and councilmen of the town, and the denial of the right so to do is such an injury to the personal right of any voter as would authorize him to attack the constitutionality of an act upon which the mayor and councilmen relied in refusing to call an election, which was a duty required of them under the charter. To hold otherwise would necessarily strike down a fundamental principle of democratic government. It might be insisted that someone who sought to become a candidate would be the proper party to assert the unconstitutionality of the act, but we can not see that the right to become a candidate for mayor or councilman is a greater right than the right of a voter to select these officials. The right to attack the constitutionality of an act, under which the mayor and councilmen are relying to extend their terms and in refusing to call an election to elect their successors, is vested somewhere, otherwise the right of a municipality to have government under the Constitution would be abrogated; and unless this right can be asserted by a citizen and a voter, then a municipality could have government in violation of the Constitution with no remedy for its correction.

3. It is clear that the act of 1947 (Ga. L. 1947, p. 519), which seeks to change the terms of the mayor and councilmen from one year to two years, and extend the term of incumbents, is in violation of article 3, section 7, paragraph 15 of the Constitution of 1945 (Code, Ann. Supp., § 2-1915), as the evidence shows that the enrolled act did not have a copy of notice of publication attached to and made a part thereof, as required by the Constitution. *Smith* v. *McMichael*, 203 *Ga.* 74 (45 S. E. 2d, 431).

Accordingly, the court erred in not granting a mandamus absolute.

*Judgment reversed. All the Justices concur, except Bell, J., absent on account of illness.*