244 P.2d 1104

ROBBINS et al. v. JOINT CLASS A.
SCHOOL DIST. NO. 331, MINIDOKA
COUNTY, et al.

No. 7838.

Supreme Court of Idaho.

May 26, 1952.

H. V. Creason, Rupert, and Ariel L. Crowley, Boise, for appellants.

S. T. Lowe, Burley, for respondents.

GIVENS, Chief Justice.

Prior to and at the time of the organization of Joint Class A. School District No. 331 of Minidoka County, there was organized and existing wholly within the County and the re-organized District, Rural High School District No. 2, which comprised former Independent School District No. 4, Common School District No. 3, and Common School District No. 19.

After the organization of the Joint District, some ten claimed qualified electors of the previously organized High School District petitioned the trustees of the Joint District to call an election within such previous area of the Rural High School District to vote on whether such High School should be continued or discontinued, as provided in Section 33–522, I.C., amended by the 1949 Session Laws, Chapter 129, page 229, and the 1951 Session Laws, Chapter 247, page 523.

The trustees refused to call the election; whereupon, ten claimed qualified school electors of the High School District (three the same as petitioners) filed in the District Court a petition for writ of mandate to compel the trustees to call the election. Appellants, the school trustees, demurred to the petition on the grounds the plaintiffs showed no right to demand the calling of an election, no duty rested upon the defendants to call the election, they had no ability to comply with the petition without imperiling the rights of third parties, and that the amendments to Section 33–522, I.C., in 1949 and 1951 are unconstitutional and violative of Article III, Sections 16 and 19, Article VII, Section 5, and Article IX, Section 1, of the Constitution of Idaho.

The court overruled the demurrer, and appellants evidently making no application to plead further, the court immediately made findings of fact, conclusions of law and entered judgment making the mandate permanent. The court granted appellants' application to stay the writ requiring the trustees to call the election, pending appeal to this Court.

Appellants, in addition to unconstitutionality, urge costs should not have been awarded against appellants and that the judgment was premature.

504

■ Costs were properly awarded, though they should run against appellants as trustees of the School District; in other words, against the District, not against the trustees personally. Section 33-714 (15), I.C.; People ex rel. Thompson v. Cothern, 36 Idaho 340 at page 343, 210 P. 1000; Chastain's, Inc., v. State Tax Commission, Idaho, 241 P.2d 167 at page 170.

The duty resting on the trustees to determine whether the petitioners were qualified electors and that an attendance unit had been so operated as to come within the provisions of Section 33–522, I.C., was purely ministerial, and if favorably found, it was their duty and they had no discretion but to call the election.

■■ Intervening litigation cannot prevent the operation of the statute and the election must be called by the trustees on ten days' notice after the judgment herein becomes final. Nothing need be supplied to make the amendments effective and workable; therefore, mandamus was a proper procedure. Blaine County v. Smith, 5 Idaho 255, 48 P. 286; Williams v. Lewis, 6 Idaho 184, 54 P. 619; Idaho, etc., Transp. Co. v. Stephenson, 16 Idaho 418, 101 P. 821; Nampa v. Nampa & Meridian Irr. Dist., 23 Idaho 422, 131 P. 8; People ex rel. Thompson v. Cothern, supra; Girard v. Miller, 55 Idaho 430, 43 P.2d 510; Robinson v. Enking, 58 Idaho 24, 69 P.2d 603; Murtaugh Highway Dist. v. Merritt, 59 Idaho 603, 85 P.2d 685; Maguire v. Whillock, 63 Idaho 630, 124 P.2d 248.

■ The action for mandamus need not be brought by the same parties who signed the petition for the election. The plaintiffs were alleged to be qualified electors of the former High School Districts and the demurrer so admitted.

The statute, in giving qualified school electors in a previously organized school district the right to petition for an election to decide on its continuance or discontinuance, necessarily gives qualified school electors the right to enforce the statute by appropriate action. Petitioners and plaintiffs, thus, need not be identical. Manning v. Upshaw, 204 Ga. 324, 49 S.E.2d 874.

Appellants did not present nor ask permission to file an answer after the demurrer was overruled, nor does the record indicate they sought in any other way to file an answer, nor do they suggest before us what issues of fact they desired to raise by answer. Addle v. Davenport, 7 Idaho 282, 62 P. 681, merely recognized an answer could be filed in a mandamus proceeding.

Board of Public Works v. Hayden, 13 Colo.App., 36, 56 P. 201, and Flanigan v. Burritt, 41 Nev. 504, 173 P. 352, held in mandamus proceedings that where a demurrer was overruled, it was error not to permit an answer to be filed, if tendered; therefore, they are not in point herein.

If appellants had presented or sought to file an answer raising valid, substantial questions of fact, the learned trial court

should, and undoubtedly would, have permitted it to be filed and tried such issues.

The correct, applicable, rule in the situation disclosed by this record is that set forth in Homestake Mining Co. v. Superior Court, 11 Cal.App.2d 488, 54 P.2d 535, to the effect that where no request to file an answer is made and it is not suggested what issues of fact the defendant desires to contest, forthwith entry of judgment on overruling a demurrer is not premature.

Appellants' only attack upon the title is that it did not mention the length of time for the notice of election, specified as ten days in the body of the Act, and that in the absence thereof a member of the Legislature, or anyone else, would be misled because they naturally would think it was the time provided for in Section 33–403, I.C., namely, 21 days or three weeks. The complete answer to appellants' contention is, the title does not need to be an index of the contents, but need set forth only the general subject thereof. Prior to the amendments of 1949 and 1951, the trustees of a re-organized district evidently had the power to continue or discontinue any unit theretofore operated. The one subject matter of the two amendments was that the voters of the former district should make such decision. This was clearly reflected in the title and it was not defective in the particular urged by appellants.

" 'Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; but if any subject shall be embraced in an act which shall not be expressed in the title, such act shall be void only as to so much thereof as shall not be embraced in the title.' " State of Idaho v. Pioneer Nurseries Co., 26 Idaho 332 at page 336, 143 P. 405, 406; In re Crane, 27 Idaho 671 at page 688, 151 P. 1006, L.R.A.1918A, 942; Federal Reserve Bank v. Citizens B. & T. Co., 53 Idaho 316, 23 P.2d 735.

"Appellants contend the title is insufficient under section 16, article 3, Idaho Constitution, because it does not specify that the proceeds of the tax goes into the Public School Fund, and because it fails to specify that a duplicate copy of the statement which is required under section 61–2303, I.C.A., is to be delivered to the Commissioner of Law Enforcement, thus violating the requirement that the Legislature should be informed of the essentials of the statute.

"The title of the statute advises that the *body* thereof fixes the distribution of the tax, and the determination of its measure.

" 'If the legislature is fairly appraised of the general character of an enactment, by the subject expressed in

the title, and all its provisions have a just and proper reference thereto, and are such as, by the nature of the subject so indicated, are manifestly appropriate in that connection, and as might reasonably be looked for in a measure of such a character, the requirement of the constitution (Art. III, Sec. 16) is complied with.' * * *

"That the title herein did not specify distribution to a particular fund was not necessary, since the body of the statute does.

" 'It is well settled that matters of detail need not be specified in the title, nor it need not catalogue all of the powers intended to be bestowed.' * * *

" ' "To hold that each subdivision of the subject, and each and every of the ends and means necessary for the ac-complishment of the object of the act, must be specifically mentioned in the title would greatly embarrass legisla-tion and accomplish no legitimate purpose." * * *

" ' "The subject of a statute is one thing and its detailed provisions quite another. One is the topic, the other its treatment; one is required to be stated in the title, the other is not." ' " Idaho Gold Dredg. Co. v. Balderston, 58 Idaho 692 at page 702, 78 P.2d 105, 109; State ex rel. Graham v. Enking, '59 Idaho 321 at page 332, 82 P.2d 649;

Cole v. Fruitland Canning Ass'n, 64 Idaho 505 at page 510, 134 P.2d 603.

Furthermore, Section 33–403, I.C., itself, expressly recognizes the possibility of other statutes providing for different times as to notice and election: " * * * (unless, otherwise specifically provided in this act) * * *."

■■■ The amendments operate on all organized districts where units were previously in operation. The statute, as amended, therefore, obviously is not a local or special law, contrary to the provisions of Article III, Section 19. Gillesby v. Board of County Comm'rs, 17 Idaho 586, 107 P. 71; Jones v. Power County, 27 Idaho 656, 150 P. 35; In re Crane, supra; In re Bottjer, 45 Idaho 168, 260 P. 1095; State ex rel. Nielson v. Lindstrom, 68 Idaho 226 at page 234, 191 P.2d 1009.

■■■ If a formerly operated unit be continued, there would be no difference in tax-ation, whether continued by decision of the trustees or the voters in the area contained in the formerly operated unit. In neither event would there be any lack in the uniformity of the taxation within the re-organized district. Taxes would be uniform throughout the confines of the re-organized district, though obviously there might be different costs in the operation of different school units. Thus, no violation of Article VII, Section 5, results.

Appellants argue that unless action is taken to continue a previously operated unit

immediately upon the establishment of a re-organized district, the effect of the statute would be to revive or reinstate a district which may have been so operated immediately before the re-organization as to come within the purview of the statue, but later and before a petition filed had lapsed. No such situation appears herein. Such a situation would not necessitate holding the amended statute unconstitutional, at most— if strictly construed—only not operative thereon, but we need not and do not decide such point.

Appellants assertion the amendments violate Article IX, Section 1, is not sustained by argument, pertinent authority, or substantial reasoning, and is so figmentary as to warrant neither particularization nor exposition and it suffices to note the amendments are exponents of the principle of home rule and are merely a method of determining what attendance units, i.e., schools, comprising buildings, equipment and personnel, should be continued or discontinued, and thus are not contrary to, but carry into effect the Section of the Constitution. Therefore, they are not unconstitutional. Dowell v. Board of Education of Oklahoma City, 185 Okl. 342, 91 P.2d 771; Wheeler School Dist. No. 152 of Grant County v. Hawley, Wash., 137 P.2d 1010; State ex rel. Zilisch v. Auer, 197 Wis. 284, 221 N.W. 860, 223 N.W. 123. Judgment affirmed. Costs to respondents.

PORTER, TAYLOR, THOMAS, and KEETON, JJ., concur.