18563. HEARD *et al. v.* PITTARD, Sheriff, *et al.*

ARGUED APRIL 13, 1954—DECIDED MAY 10, 1954.

*W. L. Nix*, for plaintiffs in error.

*Charles C. Pittard*, contra.

HEAD, Justice. In this State it is well settled that an exception to a pleading on the ground of misjoinder of parties or of causes of action can be made only by special demurrer. *Atlanta Coach Co.* v. *Simmons*, 184 *Ga.* 1, 8 (190 S. E. 610); *Grant* v.

*Hart*, 192 *Ga.* 153, 155 (4) (14 S. E. 2d 860) ; *Black* v. *Horowitz*, 203 *Ga.* 294, 295 (3) (46 S. E. 2d 346). In the present case the defendants did not raise any question by their demurrer as to a misjoinder of parties or causes of action.

Insofar as the allegations of the petition relate to the Sheriff of the City Court of Buford and the citizens and taxpayers residing within the jurisdiction of the City Court of Buford, the allegations are sufficient to bring the petition within the rule stated in Code § 64-104, as follows: "Where the question is one of public right and the object is to procure the enforcement of a public duty, no legal or special interest need be shown, but it shall be sufficient that plaintiff is interested in having the laws executed and the duty in question enforced." The above section of the Code has been applied a number of times by this court. See *Board of Commissioners of the City of Manchester* v. *Montgomery*, 170 *Ga.* 361, 366 (153 S. E. 34) ; *Manning* v. *Upshaw*, 204 *Ga.* 324, 326 (49 S. E. 2d 874) ; *Moore* v. *Robinson*, 206 *Ga.* 27, 36 (55 S. E. 2d 711) ; *Bankers Life &c. Co.* v. *Cravey*, 208 *Ga.* 682, 689 (69 S. E. 2d 87).

Whether or not the plaintiff Dennis Heard would have an adequate remedy at law by a plea to the jurisdiction, in the event the charges against him should be called for trial in the City Court of Gwinnett County or the Superior Court of Gwinnett County, need not be determined, and no ruling will therefore be made insofar as the writ of mandamus is sought by this plaintiff.

Under the act creating the City Court of Buford (Ga. L. 1906, p. 176), fines and forfeitures arising in the City Court of Buford are paid into the treasury of the city. It would thus appear that each citizen and taxpayer residing within the jurisdiction of the City Court of Buford, as well as the plaintiff Willie Garrett, would have a special interest in having the law properly executed, and the cases arising within the jurisdiction of the City Court of Buford tried or disposed of in that court. Under the rulings of this court in the cases last above cited, it is not essential that any legal or special interest be shown, but it is sufficient when it is shown that the petitioners are interested in having the laws duly executed.

The act creating the City Court of Gwinnett County (Ga. L.

1937, p. 1184) provides in part in the caption that it is "to provide for the selection of the judge, solicitor and other officers; to define the powers and duties of the judge, solicitor and other officers thereof;" etc. By section 18 of the act it is provided that the Sheriff of Gwinnett County by virtue of his office shall be the Sheriff of the City Court of Gwinnett County; and by section 22 it is made the duty of the sheriff to return all appearance bonds in criminal cases arising in the jurisdiction of the City Court of Buford to that court.

In their brief the defendants in the application for mandamus have insisted that section 22 of the act creating the City Court of Gwinnett County is unconstitutional as being in violation of a stated provision of the Constitution, and therefore that this section should not be enforced. This question was not made in the trial court. A demurrer which does not state how or in what manner a statute violates the Constitution, and does not state any reason why the statute is in violation of the Constitution, is insufficient to raise any constitutional question as to the validity of any statute. *Sanders* v. *Hinton,* 171 *Ga.* 702, 703 (4) (156 S. E. 812); *Harris* v. *State,* 191 *Ga.* 243, 247 (12 S. E. 2d 64); *Black* v. *Milner Hotels,* 194 *Ga.* 828, 832 (5) (22 S. E. 2d 780); *Estes* v. *Jones,* 202 *Ga.* 749 (44 S. E. 2d 550).

"The courts can not, ex mero motu, set themselves in motion, nor have they power to decide questions except such as are presented by the parties in their pleadings." *Hand* v. *Berry,* 170 *Ga.* 743, 745· (154 S. E. 239). See also *Durden* v. *Meeks,* 110 *Ga.* 319 (35 S. E. 153); *Savannah, Fla. &c. Ry. Co.* v. *Tolbert,* 123 *Ga.* 378 (2) (51 S. E. 401, 3 Ann. Cas. 1092); *Pritchett* v. *Payne,* 194 *Ga.* 84, 86 (1) (20 S. E. 765); *Calhoun* v. *Babcock Lumber Co.,* 198 *Ga.* 74, 83 (30 S. E. 2d 872). In the present case the first attempt to attack section 22 of the act creating the City Court of Gwinnett County, as being in violation of the Constitution, is made in the brief of counsel in this court, and no constitutional question is presented for decision by this court.

Ground 1 of the demurrer is as follows: "Defendants demur specially to paragraph 5 of said petition for the reason that only one section, to wit: Section 22, of the acts of the legislature creating the City Court of Gwinnett County (Georgia Laws

1937, pages 1184 et seq.) is set out in said paragraph, when a construction of the entire act is necessary for the proper determination of the questions involved." The courts are bound to take judicial cognizance of an act of the General Assembly of this State, and it is not essential that a pleader should set out an entire act in his pleadings in order to insist upon some paragraph or provision of the act.

Generally the courts must ascertain the legislative intent manifested by an act, and when the intent has been ascertained, it is to be enforced as the law of this State. *Torrance* v. *Mc-Dougald*, 12 *Ga.* 526 (3); *Lee* v. *Tucker*, 130 *Ga.* 43 (60 S. E. 164); *Moseley* v. *State*, 176 *Ga.* 889 (169 S. E. 97); *Davis* v. *State*, 204 *Ga.* 467 (50 S. E. 2d 604). The clear, plain, unambiguous language of section 22, which requires the Sheriff of Gwinnett County (and as Sheriff of the City Court of Gwinnett County) to return bonds in all criminal cases arising within the jurisdiction of the City Court of Buford to that court, is not in conflict with any other provision of the act. The petition was sufficient to show a legal duty resting upon the sheriff to do and perform the acts sought by the petition, and it was error to sustain the demurrer.

*Judgment reversed. All the Justices concur.*