## 13303. BARKSDALE v. THE STATE.

BROYLES, C. J. 1. An indictment for larceny after trust, drawn under section 189 or section 192 of the Penal Code of 1910, is fatally defective unless it charges that the delivery of the property entrusted to the accused was for some purpose in which the bailor or some person other than the accused had an interest and a benefit. A mere temporary loan of the property, without hire or other benefit to the person lending, is not such a fiduciary bailment as would make the stealing or conversion of the property larceny after trust. *Rice* v. *State*, 6 *Ga. App.* 160 (2), 161 (2) (64 S. E. 575).

2. Under the foregoing ruling and the facts of the instant case, the court erred in overruling the demurrer to the indictment, and the further proceedings in the case were nugatory.

　　　　*Judgment reversed. Luke and Bloodworth, JJ., concur.*

　　　　　　　　　DECIDED MAY 9, 1922.

Indictment for larceny after trust; from Warren superior court — Judge Shurley.   January 12, 1922.

The indictment charged Roy Barksdale with "the offense of larceny after trust, Roy Barksdale . . on the 15th day of June, . . 1920, having been intrusted by one E. H. Humphrey with a certain double-barrel hammerless, breech-loading shotgun, 12 gauge, of the value of thirty dollars and the property of the one E. H. Humphrey, for the purpose of him, the said Roy Barksdale, keeping the same and returning to said E. H. Humphrey after being used by said Roy Barksdale, and returned when demanded by said E. H. Humphrey, and after being so intrusted by said E. H. Humphrey with said gun for the purpose as aforesaid, did then and thereafter, to wit, on the 20th day of July, 1920, fraudulently, wrongfully, and unlawfully convert the said double-barrel, hammerless, breech-loading shotgun, 12 gauge, of the value of thirty dollars, the personal goods of said E. H. Humphrey, to his, the said Roy Barksdale's, own use, contrary to the laws," etc.

The indictment was on the grounds: (1) It does not allege such a trust of the shotgun as to make it the subject of larceny after trust. (2) The defendant being indicted under section 182 [192?] of the Penal Code, the indictment should allege that the gun was intrusted by the prosecutor to the defendant for the purpose of applying the same for the use or benefit of the owner, and this is not alleged; nor is any demand alleged for the gun. (3) The allegations show only a loan of the gun by the owner, and a loan is not such a trust as will support a charge of larceny after trust.

*J. Cecil Davis,* for plaintiff in error.
*M L. Felts, solicitor-general,* contra.