TRIBBLE *et al. v.* THE STATE.

HINES, J. 1. If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted. Penal Code, § 1068. This section does not violate paragraph 8 of section 1 of article 1 of the constitution of this State, which declares that "No person shall be put in jeopardy of life, or liberty, more than once for the same offense." Civil Code (1910), § 6364.

(a) The propriety of inflicting severer punishment upon old offenders has long been recognized in this country and in England; and they are not punished a second time for the earlier offense, but the repetition of criminal conduct aggravates their guilt and justifies heavier penalties when they are again convicted. Graham *v.* W. Va., 224 U. S. 616 (32 Sup. Ct. 583, 56 L. ed. 917); Rand *v.* Com., 9 Gratt. (Va.) 740, 741; King *v.* Lynn, 90 Va. 345 (18 S. E. 439); Kelly *v.* People, 115 Ill. 583 (4 N. E. 644, 56 Am. R. 184); Ingalls *v.* State, 48 Wis. 647 (4 N. W. 785); People *v.* Stanley, 47 Cal. 113 (17 Am. R. 401); People *v.* Coleman, 145 Cal. 609 (79 Pac. 283); McDonald *v.* Mass., 180 U. S. 311 (21

Sup. .Ct. 389, 45 L. ed. 542); Moore *v.* Missouri, 159 U. S. 673 (16 Sup. Ct. 179, 40 L. ed. 301); Cross *v.* State (Fla.), 119 So. 380 (7); State *v.* Moore, 121 Mo. 514 (26 S. W. 345, 42 Am. St. R. 542); State *v.* Findling, 123 Minn. 413 (144 N. W. 142, 49 L. R. A. (N. S.) 449).

(b) The punishment is for the last offense committed, and it is rendered more severe in consequence of the situation in which the accused previously brought himself. Ross's case, 2 Pick. (Mass.) 165. The law simply prescribes a longer sentence for a second or a subsequent offense, for the reason that the prior conviction taken in consideration with the subsequent offense demonstrates the incorrigible and dangerous character of the accused, thereby establishing the necessity for an enhanced restraint. Bishop's Crim. Law (9th ed.), § 993a.

2. Section 1068 of the Penal Code does not violate paragraph 5 of section 1 of article 1 of the constitution of this State, which guarantees to one accused of crime an impartial trial. The general rule is, that, in a prosecution for a particular crime, proof and allegations of another crime wholly independent from that for which the defendant is on trial, even though it be a crime of the same nature, are irrelevant and inadmissible; but to this rule there are exceptions. *Williams* v. *State,* 152 *Ga.* 498, 521 (110 S. E. 286). One of these exceptions is where the grade or punishment of the second offense is made by statute different from that of a first offense.

3. The fact of a former conviction and sentence must be charged in the indictment where a second conviction would affect the grade of the offense or require the imposition of a different punishment. *McWhorter* v. *State,* 118 *Ga.* 55 (44 S. E. 873).

(a) By the act of August 18, 1916 (Acts 1916, p. 154; 11 Park's Code Supp. 1922, § 183-1/2) the larceny of an automobile was made a felony; and any person convicted of this offense is punishable by imprisonment in the penitentiary for a time not longer than five years nor less than one year. By section 1068 of the Penal Code any person, upon second conviction for the larceny of an automobile, is punishable by imprisonment in the penitentiary for five years, which punishment is different from that imposed by the act of August 18, 1916, for a first conviction of the larceny of an automobile; and this being so, the indictment for the second offense must allege the indictment and conviction of the accused for the first offense, and proof of such allegation must be made, before the accused can be subjected to the punishment prescribed in the above section of the Penal Code, the latter punishment being the maximum punishment prescribed under the above act.

(b) The ruling in the second headnote in *McWhorter's* case, to the effect that where the punishment for a second conviction of a felony under the above section of the code does not exceed the maximum sentence which can be imposed under the law creating the felony for which the accused was first convicted, the punishment in the two cases would not be different, and the corollary drawn from this ruling in the third headnote of this decision, are obiter dicta. The sole question for decision in that case was whether a judge in imposing the maximum sentence for burglary upon a second conviction of that offense could do so, in the absence of any evidence before the jury establishing such prior conviction, upon his own knowledge of such first conviction.

4. Section 1068 of the Penal Code was not repealed by the act of November 27, 1895 (Acts 1895, p. 63; Penal Code, § 1062), which provides that upon the recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, certain felonies shall be punished as misdemeanors; nor by the act of August 18, 1919 (Acts 1919, p. 387; 11 Park's Code Supp. 1922, § 1081(e)), known as the indeterminate-sentence law. In *Thompson* v. *State*, 151 *Ga.* 328 (106 S. E. 278), and *Durden* v. *State*, 152 *Ga.* 441 (110 S. E. 283), it was held that the indeterminate-sentence law did not repeal section 1062 of the Penal Code. By parity of reasoning, section 1068 was not repealed by section 1062, nor by the indeterminate-sentence act. These three laws are in pari materia, and must be construed together. So construed, there is no such repugnancy between section 1062 and section 1068, or between the indeterminate-sentence law and section 1068, as works a repeal by implication of section 1068.

5. The errors assigned in the 4th, 5th, 6th, 8th, and 9th grounds of the motion for new trial are controlled by the rulings above made.

6. The court did not err in charging the jury the law applicable to conspiracy, upon the ground that there was no evidence to authorize such instruction.

7. The verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur, except Russell, C. J., dissenting.*

No. 7161. JUNE 13, 1929.

702

*Jones & Anderson,* for plaintiffs in error.
*John A. Boykin, solicitor-general,* and *J. W. LeCraw,* contra.