27528. DRIVER, *alias* DeLORNE, *v.* THE STATE.

Decided October 9, 1939.

*Eugene Dickey, John M. Seal,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw, Quincy O. Arnold,* contra.

BROYLES, C. J. The defendant was jointly indicted with Helen Gentry, John A. Leveritt, and William J. Satterfield. The indictment charged that these four persons were guilty of the offense of "larceny after trust, for that said accused in the County of Fulton and State of Georgia, on the 19th day of August, 1938, with force and arms, the said Helen Gentry being then and there employed as cashier in a store (which was a place of trade and exchange) of Jacobs' Pharmacy Company, where, from the nature of the business and employment it is both usual and necessary to entrust to such person and employee money and other articles of value *belonging to said company,* and after having been *so* entrusted with sixty-one dollars and forty-five cents in money and two hundred and eighty Georgia Power Company street-car tokens, all of the value of eighty-two dollars and forty-five cents, the said Helen Gentry, acting as such employee, and the said Haden Driver, alias Rudolph DeLorne, John A. Leveritt, and William Satterfield—acting in conclusion [collusion?] and conspiracy with said Helen Gentry—did fraudulently take and carry away and did convert to their own use the property above described, contrary to the laws of said State, the good order, peace, and dignity thereof." (Italics ours.) The defendant was tried alone, and was convicted of the offense charged. His motion for new trial and his motion in arrest of judgment were overruled, and he excepted to both judgments. The motion in arrest of judgment alleged that the indictment failed to allege the ownership of the money and property charged to have been fraudulently taken and carried away by the defendant; that the indictment failed to allege the purpose for which said money and property were entrusted to Helen Gentry; and that the allegations of the indictment were insufficient to charge the accused with the offense of larceny or larceny after trust. We think that said ownership was sufficiently alleged by the allegations of the indictment, it being alleged that Helen Gentry was "employed as cashier" in the store of Jacobs' Pharmacy Company; that from the nature of the business and employment it was both usual and necessary to entrust to such employee money and other articles of value "belonging to said company," and, after having been *so* entrusted with sixty-one dollars and forty-five cents in money and said street-car tokens, she and her said coconspirators did fraudulently take away and convert to their own use said

property. The foregoing allegations were sufficient to show that the money taken by the defendant was the property of Jacobs' Pharmacy Company, and that it was entrusted to Helen Gentry as the employee and cashier of said company for the purpose of being held and kept for the use and benefit of the company.

The entrustment of the money to Helen Gentry was not a mere *gratuitous* bailment, as was the case in *Barksdale* v. *State*, 28 *Ga. App.* 535 (112 S. E. 165). Moreover, the indictment in that case was drawn under section 192 of the Penal Code of 1910, whereas the indictment in the instant case was drawn under section 191 of that Code (Code of 1933, § 26-2808), which is a special statute relating to a special class of persons (employees in a store or other place of trade and exchange). Furthermore, no demurrer to the present indictment was interposed, and therefore the defendant waived any lack of clarity that may have existed in the indictment by the use of the words "so entrusted," in place of repeating the allegation that the money taken by the defendant belonged to Jacobs' Pharmacy Company. In *Gazaway* v. *State*, 9 *Ga. App.* 194 (70 S. E. 978), the headnote reads as follows: "'No motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment.' The indictment in the present case was demurrable, but not void, and the court did not err in refusing to arrest the judgment. The decision is controlled by the ruling of this court in *Lanier* v. *State*, 5 *Ga. App.* 472 (63 S. E. 536). 'One who waives his right to be tried upon an indictment perfect in form as well as substance, and takes his chances of acquittal, will not be heard, after conviction, to urge defects in the indictment, unless those defects are so great that the accusation is absolutely void.' 'Exceptions which go merely to the form of the indictment, if not taken before joinder of issue, are considered to be waived.'"

The third ground of the motion to arrest the judgment alleges that the language of the indictment is insufficient to charge the offense of larceny or the offense of larceny after trust; and several cases in support of this contention are cited by counsel for the defendant. The contention is based upon the assumption that the indictment charged the defendant with larceny after trust, or larceny. The fact that the indictment was labeled "Larceny After Trust," and began by charging the defendant with that offense,

does not necessarily establish that the offense charged was larceny after trust. It is a well-settled principle of law that the offense charged in an indictment is not determined by the name given it therein, but by the facts set forth in the indictment. As said by this court in *Cabaniss* v. *State*, 8 *Ga. App.* 129, 135 (68 S. E. 849) : "The rule is too well recognized to require even the citation of authority that it is immaterial by what language an indictment styles the offense charged, if it in fact charges an offense." The present indictment was not drawn under a larceny-after-trust statute, but, as heretofore stated, was drawn under a special statute, now embodied in the Code, § 26-2808, which relates to a special class of persons, to wit, employees in a store or other place of trade or exchange. It follows that the larceny-after-trust cases cited in behalf of the defendant are not applicable to this case. We think that the motion to arrest the judgment was properly denied. The conviction of the accused was amply authorized by the evidence, and the court did not err in overruling the motion for new trial, which embraced the general grounds only.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*