28813. STINSON *v.* THE STATE.

DECIDED JULY 14, 1941. REHEARING DENIED JULY 31, 1941.

*Wesley R. Asinof, Dolly Lee Butler, Marjorie Pitts Amendola,* for plaintiff in error.

*John A. Boykin, solicitor-general, J. W. LeCraw,* contra.

MacINTYRE, J. ■ The motion in arrest of judgment was made

on the grounds that no valid and sufficient indictment is of file against the defendant; that the indictment alleges that a public school was broken into and entered, and that under the law of Georgia it is not burglary to break and enter a public building with intent to steal, unless it is alleged that the building was broken and entered at a time when the public was not entitled to be in the building; that the only crime of which the defendant could have been legally convicted is larceny from the house, and he could have been legally given only a misdemeanor sentence, because the indictment only alleged the theft of goods of a value under $50, whereas the punishment was fixed at twenty years. This motion is without merit. The indictment alleged that the defendant "did break and enter the office and schoolhouse and place of business of Miss Ida Jarrell, known as the W. F. Slaton School, a public school of the City of Atlanta, where valuable goods were contained, with intent to steal." We think this case comes clearly within the rule in *Davenport* v. *State,* 27 *Ga. App.* 284 (108 S. E. 131), as follows: "The words 'place of business,' as used in the statute defining burglary, mean any house occupied as a place of business by another, in which valuable goods are contained, and this is so regardless of whether such place of business be located in a private or a public building." Conceding that the indictment in the instant case was subject to special demurrer, it was not void, and no motion in arrest of judgment shall be sustained for any matter not affecting the real merits of the offense charged in the indictment. *Gazaway* v. *State,* 9 *Ga. App.* 194 (70 S. E. 978); *Lanier* v. *State,* 5 *Ga. App.* 472 (63 S. E. 536). See also *Driver* v. *State,* 60 *Ga. App.* 719 (4 S. E. 2d, 922).

"If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." Code, § 27-2511. The defendant here was given the maximum sentence, twenty years. The indictment alleged previous indictments, convictions, and sentences, for the purpose of punishment under the second-offense statute. The former crimes were proved by introducing the former indictments; one charging burglary with a plea of guilty thereon, the other charging

larceny of an automobile with a conviction thereon. There is no presumption of innocence as to the two former crimes. Both indictments bore the name of Robert Stinson, the same as the name of the defendant here. The identity of name shown on the two previous indictments with the present indictment was sufficient to establish prima facie that the defendant was the same man previously charged and convicted. *Williams* v. *State,* 62 *Ga. App.* 679 (9 S. E. 2d, 697); *Enzor* v. *State,* 63 *Ga. App.* 79 (10 S. E. 2d, 213). The defendant in his statement denied that he was guilty of the offense of burglary for which he was then on trial, and claimed that the stolen goods had been turned over to him by some other man, but he did not make any denial whatever of the State's proof that he had been twice previously convicted and sentenced for felony. There was therefore no controversy as to the identity of the defendant with the person convicted in the two previous cases. In the absence of any denial by the defendant, and no proof to the contrary, this identity of name was sufficient to show that Robert Stinson was the same man who had been previously convicted. See *Tribble* v. *State,* 168 *Ga.* 699 (148 S. E. 593); *Hinkle* v. *State,* 168 *Ga.* 765 (5) (149 S. E. 49). The judge did not err therefore in charging the jury as follows: "Under the law, if you find this defendant guilty of the offense charged, the punishment he could receive would be the longest period which under the law is prescribed as punishment for burglary, which is twenty years. Now, if after considering all the evidence, including the defendant's statement, giving it such weight and credit as you think it is entitled to receive, you reach the conclusion that this defendant beyond a reasonable doubt is guilty, the form of your verdict would be: 'We, the jury, find the defendant guilty, and fix his punishment at not less than twenty and not more twenty years in the penitentiary.'" See *Tribble* v. *State,* supra; *Hinkle* v. *State,* supra; *Callahan* v. *State,* 14 *Ga. App.* 442 (2) (81 S. E. 380); *Hines* v. *State,* 26 *Ga.* 614, is distinguishable from the instant case. The evidence authorized the verdict finding the defendant guilty of burglary, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*