30487. TIMBS *v.* THE STATE.

142

DECIDED MAY 19, 1944.

*Frank A. Bowers,* for plaintiff in error.

*John A. Boykin, solicitor-general, Durwood T. Pye, E. E. Andrews,* contra.

MACINTYRE, J. The defendant Bennie L. Timbs was convicted of burglary, a felony; his motion for a new trial was overruled, and he excepted.

■ The general grounds of the motion for new trial are expressly abandoned.

■ The court charged the jury, in part, as follows: "Gentlemen, an incriminatory admission is a statement made by one accused of the violation of a publication of a public law, the fact or existence of which is pertinent to the issue under investigation and which tends, in connection with other proven facts and circumstances, or circumstances, to show the guilt of the accused of the offense charged. If you in your deliberations should find that statements or admissions of such kind have been made you will bear in mind that if or when such an admission or statement had been made or shown, that the same must be scanned with care and received by you with great caution, you passing on the admissibility of such alleged evidence. The usual rule is that the court passes upon evidence when tendered, but there are some exceptions to that rule, where the admissibility of the evidence depends upon a mixed question of law and of fact, and a case of an alleged admission, to which I am directing your attention, is one of those exceptions; and before you would be authorized to admit an alleged statement or alleged admission—before you would be authorized to give any consideration to it at all, it must be shown to your satis-

faction beyond a reasonable doubt that that was made, that it was made without the slightest hope of benefit or remotest fear of injury before it would be admissible for your consideration at all; and you will bear in mind the further rule which I will subsequently give you, that it must be received with great caution and scanned with care." The defendant contends that the evidence did not authorize the charge on admissions or incriminatory statements. The defendant in his brief, and it is borne out by the record, states that both the defendant and his codefendant, who were on trial, admitted that they had had recent possession of the watch which was stolen at the time of the alleged burglary; that they explained such possession by stating that the watch was purchased by the defendant's codefendant from an unnamed negro; and that it was thereafter turned over or sold to the defendant by the said codefendant. In the language of Chief Justice Bleckley in *Fletcher* v. *State*, 90 *Ga.* 468, 471 (17 S. E. 100), "It is evident that the declarations were made with an exculpatory object, but of course they might have had an inculpatory effect. This would depend upon the view which the jury might take of them in connection with all other facts and circumstances disclosed by the evidence." The recent possession of the stolen watch, which could be regarded as the fruit of the burglary, was an admission of fact from which, together with other evidence, the jury might or might not infer guilt. "Mere possession of stolen property is not a conclusive test of guilt, but only a circumstance from which guilt might be inferred." *Barlow* v. *State*, 17 *Ga. App.* 728 (1 *a*) (88 S. E. 212). "An admission, as applied to criminal cases, is the avowal or acknowledgment of a fact or circumstance from which guilt *may* be inferred, and only *tending* to prove the offense charged, but not amounting to a confession of guilt." *Riley* v. *State*, 1 *Ga. App.* 651, 654 (57 S. E. 1031). Therefore, we think that the admission by the defendants of the fact of the recent possession accompanied by their explanation that the watch was purchased from an unnamed negro, together with the other evidence, was the admission of a fact from which the jury might or might not infer guilt. Thus the judge did not err in charging on "incriminating admissions."

■ The court charged in part: "Gentlemen, in this indictment there has been alleged a previous conviction. I charge you this is

the law in regard to that: If a person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time at labor prescribed for the punishment of the offense for which he stands convicted. Now, that would mean, and that only, that in the event of conviction of either one or both of these defendants in this case, that the punishment must be fixed at the longest period of time which the law prescribes for burglary, which is twenty years; and you gentlemen being the authority that must fix the punishment under the law as laid down in our Code upon a conviction, you shall fix the punishment at the longest period of time which I have just read, and which is twenty years." The defendant excepted to this instruction on the ground that "the same excluded consideration by the jury of the question of whether the Timbs on trial was the same Timbs named in the indictment as having been previously sentenced for felony, and said portion of the charge took from the jury entirely the province of the jury to possibly find that this movant was not the same Timbs previously sentenced for felony, in which event, the jury could have sentenced this movant to a term of less than 20 years to 20 years or could have gone so far as to make a recommendation that misdemeanor punishment be imposed."

The Code, § 27-2511, provides: "If any person who has been convicted of an offense and sentenced to confinement and labor in the penitentiary shall afterwards commit a crime punishable by confinement and labor in the penitentiary, he shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted." In the instant case, Bennie L. Timbs, the defendant, was given, as a "second offender," the maximum sentence of 20 years in the penitentiary for burglary, a felony. The indictment in the present case alleged two previous indictments for felonies, two previous convictions of felonies, and sentences for both. The former felonious offenses were proved by introducing the former indictments, the pleas of guilty, and the sentences. This was the highest and best evidence of such facts. The defendant, in his statement to the jury, denied that he was guilty of the offense of burglary for which he was then on trial, and claimed that the stolen goods had

been turned over to him by the codefendant, Callahan. However, he did not make any denial of the record evidence that Bennie L. Timbs had twice previously pleaded guilty and had been sentenced for a felony, nor was there any evidence to show that the defendant and the Bennie L. Timbs shown by the record evidence to have been formerly convicted of a felony were not one and the same person. "Civilians held, that unless the name was frequent, further evidence was unnecessary, for that plurality was to be proved and not presumed. Abbott, J., made a similar remark; (e) and Lord Mansfield's observation coincides, that loose evidence of identity becomes cogent when it is not answered. (f) But where it is not the province of any party to answer it, as in conveyancing, in some proceedings in equity, and in claims of peerage, in the absence of positive evidence, a cumulation of points of agreement would seem to be necessary." Hubback's Evidence of Succession, 48 Law Library, 330. "Where, in a prosecution for a second violation of the prohibitory liquor laws, record evidence of a former conviction is offered in evidence of one of the same name as that of the defendant on trial, it is not necessary for the State to prove that the person named in said former conviction and the defendant on trial is one and the same person." Files v. State, 16 Okla. Cr. 363 (2) (182 Pac. 911). "Where one is prosecuted, charged with being a persistent violator of the intoxicating liquor law, and a record of the former conviction of a person by the same name is offered in evidence, held, sufficient on that point to sustain a verdict of guilty without other evidence of the identity of the parties." State v. Bizer, 113 Kan. 731 (216 Pac. 303). In the case of People v. Campbell, 173 Mich. 381 (139 N. W. 24), the court charged, in part, as follows: "Regarding these two prior convictions, I feel free to say to you that the proof is a matter of record and undisputed, and upon that branch of the case I say to you that it will be your duty to render a verdict of guilty . . because there is no dispute about that. The records are clear that he was convicted on both occasions, and that he was sentenced the first time for a period of five years, and the second time for a period of ten years." It was there held that this charge was not prejudicial error where the court also charged at great length, that unless the jury found

beyond a reasonable doubt that the accused committed the present offense, he must be acquitted. See also 24 C. J. S. 1171, § 1969.

The identity of names shown in the two previous indictments (which were introduced in evidence) with the name in the present indictment was sufficient in the instant case to establish prima facie that the defendant was the same man previously charged and sentenced. In the instant case the court, by its previous sentences entered solemn judgments of record, and identified and described the man in those sentences as a person whose name was Bennie L. Timbs. The present indictment, a court paper of record, describes and identifies the man therein, which it charged with a felony, as being a person whose name is Bennie L. Timbs. The State, in effect, says that it has described the man in the previous indictments and the man in the present indictment by the same name, and that the generally accepted way of identifying the defendant in a criminal prosecution is by alleging the defendant's name in the indictment. In a prosecution for a second felonious offense, where record evidence of a former conviction is introduced in evidence of one of the same name as that of the defendant on trial, the defendant has the opportunity of showing, and it is his province to show, that he is not the individual named in the previous indictment, and until this is shown it should be taken as proof that he is the person named in the previous indictment. We do not say that it is conclusive, but do say that it is prima facie evidence of a former conviction. Abbott, J., in the case of Hennell v. Lyon, 106 English Reports, 69, says: "It is not to be presumed that there are two persons [by the same name], but the identity is rather to be presumed, unless the plaintiff could have shown the contrary. In this case, however, there was no evidence given on the part of the defendant, to rebut the presumption of identity; and therefore I think it was sufficiently established." "The tendency of the courts is to relieve parties from the onus of providing identity, it being, in general, more easily disproved than established." Shuler v. State, 125 Ga. 778, 782 (54 S. E. 689).

In the instant case the defendant was being prosecuted as Bennie L. Timbs and the record evidence shows two former convictions and sentences of Bennie L. Timbs in the same court for two felonies committed in the same county about 18 months prior to

the felony for which the defendant was then on trial, and the defendant did not deny in his statement to the jury that he was the person named in the former sentences, and there was no evidence to rebut this prima facie proof by the record evidence of identity, and this record evidence being undisputed, the identity of the defendant as the person named in the former sentences was thus sufficiently established. See in this connection, *Williams* v. *State*, 62 *Ga. App.* 679 (3) (9 S. E. 2d, 697); *Shuler* v. *State*, supra; *Enzor* v. *State*, 63 *Ga. App.* 79 (2) (10 S. E. 2d, 213); *Stinson* v. *State*, 65 *Ga. App.* 592, 593 (2) (16 S. E. 2d, 111). We do not think that it was prejudicial error for the judge to instruct the jury to find that the fact of the prior conviction of the accused had been proved, and was to be considered by the jury in fixing the punishment for the second felonious offense, as provided in the Code, § 27-2511, if the jury should find the defendant guilty of the offense for which he was on trial, where the court also charged at great length that, unless the jury found beyond a reasonable doubt that the accused committed the present offense, he must be acquitted. *Moye* v. *State*, supra. The charge here dealt with was not error requiring the grant of a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*