32433. SILVERS *v.* THE STATE.

Decided May 12, 1949.

226

*Harbin M. King,* for plaintiff in error.

*Warren Akin, Solicitor-General,* contra.

GARDNER, J. The indictment was drawn under the Code, § 26-2809, which reads in part: "Any person who has been intrusted by another with money, note, bill of exchange, bond, check, draft, order for the payment of money, cotton, or other produce, or any other article or thing of value, for the purpose of applying the same for the use or benefit of the owner or person delivering it, who shall fraudulently convert the same to his own use, shall be punished by imprisonment and labor in the penitentiary for not less than one year nor more than five years." While there was no demurrer to the indictment, it will be noted that it is nowhere alleged therein that the truck in question was entrusted to the defendant for the use and benefit of the owner Hammond, in accordance with the provisions of law in that statute. The indictment alleges that the truck was entrusted by the owner to the defendant for the purpose of "hauling lumber." The indictment nowhere alleges for whom the lumber was to be hauled. The State's evidence shows that the truck was loaned to the defendant to be used by the defendant for himself "to cut some timber." The evidence fails to show that the truck was used to haul lumber. The evidence shows that it was used for cutting timber and not for hauling lumber. Therefore we think that the verdict can not stand for

two reasons: In the first place, the evidence is at variance with the allegations of the indictment. In *McNish* v. *State*, 88 *Ga.* 499, 500 (14 S. E. 865), the Supreme Court said: "The indictment being for larceny after a trust had been delegated, in order to convict the accused, it was necessary to prove the creation of the trust described in the indictment, and a fraudulent breach of it in the manner alleged. To charge one trust and prove another would not suffice." See also *Clack* v. *State*, 47 *Ga. App.* 323, 325 (170 S. E. 398). In the second place, the evidence shows that the prosecutor himself several times testified that he temporarily loaned the truck to the defendant. In *Davis* v. *State*, 38 *Ga. App.* 206 (1, 2) (143 S. E. 435), this court said: "A mere temporary loan of property, without hire or other benefit to the person lending, is not such a fiduciary bailment as would make the stealing or conversion of the property larceny after trust. *Barksdale* v. *State*, 28 *Ga. App.* 535 (112 S. E. 165). . . Under the above-stated ruling and the facts of the instant case, the defendant's conviction of larceny after trust was unauthorized, and the refusal to grant him a new trial was error." See also *Rice* v. *State*, 6 *Ga. App.* 160 (2) (64 S. E. 575).

The other assignments of error are without merit. .

*Judgment reversed. MacIntyre, P. J., and Townsend, J., concur.*