## 19186. KRYDER *v.* THE STATE.

ARGUED JANUARY 11, 1956—DECIDED FEBRUARY 14, 1956—
REHEARING DENIED MARCH 1, 1956.

*James R. Venable, Al Jennings, Walter B. Fincher, Margaret Hopkins,* for plaintiff in error.

*Paul Webb, Solicitor-General, Eugene L. Tiller, Frank S. French,* contra.

ALMAND, Justice. James Pope Kryder was indicted in Fulton Superior Court for the offense of burglary. The indictment charged that, prior to commiting the offense therein set out, the defendant had been convicted and sentenced to confinement in the penitentiary, for three felony cases, in the courts of this State, and for two felony convictions in the (United States) Northern District Court of Georgia. His motion to quash the indictment, and certain special demurrers thereto, were overruled; and on the trial before the court and a jury the defendant was convicted and sentenced to serve a term of not less and not more than 20 years. His motion for a new trial being denied, he brings the case to this court by a bill of exceptions, in which he assigns error on the order denying his motion to quash the indictment, on the overruling of his special demurrers to the indictment, and on the order denying him a new trial.

■ The contentions in the motion to quash the indictment, that the allegations therein as to previous convictions (1) are prejudicial as tending to place the defendant's character in issue, (2) deprive him under the Federal and State Constitutions of a fair and impartial trial by a jury, and (3) that he will be twice placed in jeopardy for the same offense, are all without merit. *Tribble* v. *State,* 168 *Ga.* 699 (1) (148 S. E. 593) ; *Reid* v. *State,* 49 *Ga.*

*App.* 429 (1, 2, 3) (176 S. E. 100); McDonald *v.* Mass., 180 U. S. 311 (21 Sup. Ct. 389, 45 L. ed. 542); Graham *v.* W. Va., 224 U. S. 616 (32 Sup. Ct. 583, 56 L. ed. 917). Code § 38-202 provides that the general character of parties, and especially their conduct in other transactions, is irrelevant unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. In Code § 27-2511 (which first appeared in the Penal Code of 1833), the legislature declared that as to defendants charged with a felony punishable by labor in the penitentiary, evidence of a previous conviction and sentence for a felony is relevant evidence on the question of the punishment to be inflicted in the event of a conviction for a second felony. This statute relates only to procedure in the trial of a criminal case, and does not affect any vested privilege or constitutional right of the defendant. *Melton* v. *State*, 180 *Ga.* 104 (1) (178 S. E. 447).

■ In the motion to quash it is also contended that the act of 1953 (Ga. L. 1953, Nov.-Dec. Sess., p. 289), which amended Code § 27-2511 (this Code section as thus amended now appearing as Code, Ann. 1954 Supp., § 27-2511)—by adding to said section the following: "provided, however, any person who, after having been three times convicted under the laws of this State of felonies, or under the laws of any other State or of the United States, of crimes which, if committed within this State would be felonious, commits a felony within this State other than a capital felony, must, upon conviction of such fourth offense, or of subsequent offenses, serve the maximum time provided in the sentence of the jury or the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served. For the purpose of this section conviction of two or more crimes charged on separate counts of one indictment or information or in two or more indictments or informations consolidated for trial, shall be deemed to be only one conviction"—is unconstitutional. The constitutionality of this amendment is challenged on several grounds, one of them being that the provisions that a defendant so convicted must serve the maximum time provided in the verdict of the jury and "shall not be eligible for parole until the maximum sentence has been served" is in conflict with art. 5, sec. 1, par. 11 of the Constitution of 1945 (Code, Ann., § 2-3011), which grants to the State Board of Pardons and Paroles authority to grant re-

prieves, pardon, and paroles, and remove disabilities imposed by law.

A mere reading of this amendment shows that it only applies after one has been convicted three times of felonies, and after his fourth conviction he shall not be eligible to parole until the maximum sentence has been served, and whatever the right or interest of the defendant in this case might be that could be applied to his disadvantage could only arise in the future, at a time when he might claim that he was eligible for a parole. This act of 1953 does not in any wise affect the question of the guilt or innocence of the defendant which is now under review; and, only in the event this conviction is upheld, and when the time arrives when he might claim the right to a parole and this act is asserted as a bar to such alleged right, could he claim the right to attack the validity of the act. This court will not pass upon the constitutionality of a so-called law when challenged by a party whose rights are not affected by it, nor until an attempt is made to exercise some right claimed under the provision under attack affecting the rights of the attacking party will the courts pass upon the validity of the provision. *Whittle* v. *Jones,* 198 *Ga.* 538 (4) (32 S. E. 2d 94). See also *Felton* v. *Bennett,* 163 *Ga.* 849 (137 S. E. 264); *Moseley* v. *State,* 176 *Ga.* 889 (169 S. E. 97); *Pippin* v. *State,* 205 *Ga.* 316 (53 S. E. 2d 482).

■ The assignment of error on the order overruling the special demurrers to the indictment, not being argued in this court, is considered as waived, and will not be passed on.

■ Special grounds 4, 5, 6, and 7 of the motion for a new trial assign error on the admission in evidence of the indictments in previous convictions in the several courts, set out in the indictment in this case, and also assign error upon the court's charge as to these previous convictions, and as to the provisions of the law now embodied in Code (Ann. 1954 Supp.) § 27-2511. The alleged grounds of error are all based upon the same grounds asserted in the motion to quash the indictment; and since we have dealt with these questions in divisions 1 and 2 of this opinion, what is said there controls here. There is no merit in any of these grounds.

■ Special ground 8 assigns error upon the following charge: "If you believe beyond a reasonable doubt that the defendant is guilty of the offense of burglary as charged in this bill of indict-

ment, then it would be your duty to convict him of that offense. In that event, gentlemen, the form of your verdict would read 'We, the jury, find the defendant guilty, and fix his punishment at 20 years.' " The court in its charge distinctly told the jury that the other offenses and sentences set out in the indictment, and any evidence which pertained to them, had no bearing on the guilt or innocence of the defendant in reference to the offense for which he was on trial, and that the only purpose in admitting evidence of these indictments and previous convictions was to require the maximum sentence to be given, "provided, however, first, that the jury believes beyond a reasonable doubt that the defendant is guilty of the offense of burglary as charged in this bill of indictment." The court correctly charged the provisions of Code § 27-2511, supra, and there was no error in so doing.

■ The evidence fully supports the verdict, and there was no error in denying the motion for a new trial.

*Judgment affirmed.   All the Justices concur.*