25701. LANDERS v. SMITH, Warden.

SUBMITTED MARCH 9, 1970—DECIDED APRIL 9, 1970.

Clifford A. Landers, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Assistant Attorney General, Charles B. Merrill, Jr.,* for appellee.

ALMAND, Chief Justice. On March 11, 1966, petitioner was found guilty of violating the State narcotics law and was sentenced to ten years in prison.

On August 4, 1969, petitioner filed his petition for the writ of habeas corpus in Tattnall Superior Court. On September 25, 1969, a hearing was held on this petition and the writ was denied. Petitioner was remanded to the custody of the warden. From this decision, petitioner brings his appeal.

■ In petitioner's first enumeration of error, he alleges that the judge in the habeas corpus proceeding materially misstated his principal contention. In his brief, the petitioner states that his main contention in the habeas corpus proceeding was not that Georgia's second offender law is unconstitutional, but

that the practice of reading a man's criminal record to the jury before the verdict in the principal case is rendered violates his rights under the Federal and State Constitutions. On page 6 of the transcript of the habeas corpus hearing, the following appears: "The Court: What you're saying is that the evidence of the previous conviction should not have been listed on your indictment. Is that one thing? A. Yes, sir, or presented to the jury. The Court: And another is that even if it was listed, it shouldn't have been read to the jury, is that right? A. Yes, sir, and they had the arresting officers in each case up there to identify me as the same person." On page 10 of the record, in the order of the judge denying the petition for habeas corpus, can be found the following: "He [petitioner] stated that he was not attacking the Georgia previous offender law, that the only thing he was attacking was the way that it was put to the jury at the beginning of his trial."

From these examinations of the record, it is obvious that petitioner's first enumeration of error is not meritorious.

■ Petitioner contends that the trial judge erroneously treated the question of whether or not the practices complained of had a prejudicial effect on the jury as a question of law, when it should have been treated as a question of fact. This contention is also without merit.

At no time in the hearing below did petitioner offer any evidence of any prejudice in his particular jury which resulted from the practice complained of. His whole attack is based on the idea that the practices complained of in Division 3 of this opinion inevitably result in a biased and prejudiced jury. This is obviously a question of law and not a question of fact. Petitioner's second enumeration of error is not meritorious.

■ Petitioner's third enumeration of error contains the pivotal issue in this case. This enumeration attacks practices which have evolved in Georgia courts in the administration of the provisions of *Code Ann.* § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290). This Code section provides, in short, that anyone who has a prior conviction of a crime punishable by confinement and labor in the penitentiary, and who is subsequently convicted for another such crime, must receive the maximum sentence for

the second such conviction. There are several full bench decisions of this court which hold that in order to sentence a prisoner according to this Code section, the prior convictions relied on must be placed in the indictment and read to the jury before the principal issue of guilt or innocence is determined. It is this practice which the petitioner is attacking as a violation of his rights under stated provisions of the Federal and State Constitutions.

In *Tribble v. State,* 168 Ga. 699 (148 SE 593), the court held that the fact of the prior convictions must be charged in the indictment where a second conviction would affect the grade of the offense or require the imposition of a different punishment. In *Kryder v. State,* 212 Ga. 272 (91 SE2d 612), a full bench decision, it was held that the procedures complained of by the petitioner in this case related only to the procedure in the trial of a criminal case, and did not affect any vested principle or constitutional right of the defendant.

Thus it can be seen that full bench decisions of this court require that prior convictions be alleged in the indictment and read to the jury. Also, such decisions have held that this procedure does not violate any constitutional rights of the defendant.

But petitioner also avers that the procedure complained of violates rights guaranteed to him by the Fifth, Sixth and Fourteenth Amendments to the United States Constitution.

This contention was resolved adversely to petitioner by the Supreme Court of the United States in the case of Spencer v. Texas, 385 U. S. 554 (87 SC 648, 17 LE2d 606). In that case, the Supreme Court echoed the statement in the *Kryder* case cited above, to the effect that the procedures complained of here were matters of State criminal procedure and did not violate any right protected by the United States Constitution. The court proceeded on the rationale that due process challenges, in order to be upheld, must demonstrate such fundamental unfairness as to preclude the possibility of a fair trial. In their opinion, the court said that they would not assume that any possible prejudice created by this practice could not be cured by proper instructions to the jury.

Thus it can be seen that both State and Federal decisions resolve the petitioner's contentions against him. The trial judge correctly denied his petition for the writ of habeas corpus and ordered that he be remanded to the custody of the warden.

*Judgment affirmed. All the Justices concur, except Felton, J., who dissents. Hawes, J., not participating.*

FELTON, Justice, dissenting. The appellant, in my opinion, has alleged an error which attacks the validity of the trial on the ground that his State and Federal Constitutional rights were violated. In Division 3, the majority passes on both questions, so it is unnecessary for me to belabor the question whether a State constitutional question is raised.

1. I dissent from the judgment insofar as the majority holds that the trial involved no State constitutional right.

2. As to the ruling that no Federal constitutional right has been violated, I am compelled to concur, against my will, judgment, logic and common sense. Spencer v. Texas, 385 U. S. 554, supra. While I am bound by that decision, I by no means agree with it. I agree with the dissent by Chief Justice Warren. The Supreme Court held in the Spencer case (p. 575), that the showing of other crimes did not violate the Federal Constitution because the question was a State question presumably handled by State courts by precautionary instructions. (The U. S. Supreme Court has recently reversed itself as to one situation, as to which a similar ruling was made as to precautionary instructions. Bruton v. United States, 391 U. S. 123 (88 SC 1620, 20 LE2d 476)). I shall not quote Chief Justice Warren except as follows: "Of course it flouts human nature to suppose that a jury would not consider a defendant's previous trouble with the law in deciding whether he has committed the crime currently charged against him. As Mr. Justice Jackson put it in a famous phrase '[t]he naive assumption that prejudicial effects can be overcome by instructions to the jury . . . all practicing lawyers know to be unmitigated fiction.' Krulewitch v. U. S., 336 U. S. 440, 453 . . . Mr. Justice Jackson's assessment has received support from the most ambitious empirical study of jury behavior that has been attempted. See Kalven & Zeisel, The American Jury, pp. 127-130, 177-180."

In a recent case the author of the opinion stated the proposition that the introduction of previous convictions denies a defendant a fair and impartial trial and due process of law, and the court thought, in the case being considered, that certain full bench decisions of this court precluded a ruling contrary to these decisions. *Croker v. Smith*, 225 Ga. 529 (169 SE2d 787). It seems to me that these decisions would not be a bar to a ruling in this case that the defendant's State constitutional due process rights have been violated for the reason that here there is no attack on a legislative Act or on the inclusion of the previous offenses in the indictment or evidence. The attack here is upon the *making known* of such other offenses to the jury *prior to their decision on the question of guilt on the single present charge.* This is quite different from an attack on a statute or even on the admission of such other crimes in evidence. I think that the attack here made is meritorious and that the judgment should be reversed.