## 45590.   WATTS v. THE STATE.

QUILLIAN, Judge. 1. The indictment in the instant case charged the defendant with larceny of "one 1964 model Chevrolet station wagon automobile, manufacturer's identification number 31835-A-175777, bearing Georgia license plates number 57-J-1461." On the trial of the case the owner of the vehicle in describing the same testified: "Well, like Mr. Perren said yesterday, it was a '64. No, it's a sixty three ('63) station wagon, I meant to tell him that yesterday and I didn't. It's a '63 white Impala." In response to further questions the witness recited that the automobile in question was a 1963 model. The witness also identified his tag receipt which was duly introduced into evidence which described the vehicle in question as a 1963 Chevrolet. There was no testimony which served to identify the automobile in general terms as being the one described in the indictment. Under these circumstances, there was a fatal variance between the allegata and probata. *Wright v. State,* 52 Ga. App. 202 (182 SE 862); *Marsh v. State,* 120 Ga. App. 46 (1) (169 SE2d 615); *Smith v. State,* 185 Ga. 365 (195 SE 144).

2. The defendant contends his constitutional rights were violated by the inclusion of a prior offense in the indictment and the introduction of proof relative thereto during the trial. This case was originally appealed to the Supreme Court, which in transferring the case to this court held that the question of law presented involved the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts. Thus, insofar as the contentions made raised the question of constitutional application, such issues have been decided adversely to the appellant by recent decisions of our Supreme Court. *Studdard v. State,* 225 Ga. 410 (169 SE2d 327); *Landers v. Smith,* 226 Ga. 274 (174 SE2d 427). See also *Kryder v. State,* 212 Ga. 272 (91 SE2d 612); *Coleman v. State,* 215 Ga. 865 (2) (114 SE2d 2).

3. On the record here before us, we find no merit in the remaining enumerations of error.

4. In view of the ruling made in the first headnote, the evidence was insufficient to support the verdict and the trial judge erred

in overruling the defendant's motion for new trial.

*Judgment reversed. Bell, C. J., and Whitman, J., concur.*

SUBMITTED SEPTEMBER 9, 1970—DECIDED FEBRUARY 23, 1971.

*J. Clifford Johnson,* for appellant.