## 47720. ALMOND v. THE STATE.

QUILLIAN, Judge. The defendant was tried, convicted and sentenced to 20 years for the crime of burglary. Direct appeal was taken to this court. *Held:*

1. Enumerations of error 2 and 3 complain that the trial judge in making an inquiry of a witness expressed an opinion as to the credibility of the witness' testimony.

During the interrogation of a state witness an attack was made on his credibility. The witness, an alleged co-conspirator, had plead guilty to a lesser crime. An inquiry was made as to whether he had received preferential treatment in return for his testimony. During the re-examination of the witness by the district attorney as to whether he had been promised any reduced sentence the court interposed the following questions: "I'd like to say one thing — did I not state to you the penalty for this offense carries a punishment from one to five years? . . . Because it is incumbent upon me to inform a person what punishment carries, didn't I say it would be from one to five years?" The questions were answered in the affirmative.

The questions and the context in which they were phrased did not amount to a prohibited expression of opinion under Code § 81-1104. Furthermore, "Where on the trial the court propounded certain questions to a witness, which examination, it is insisted, was conducted in such manner as to prejudice the rights of plaintiff in error, such action on the part of the court will not cause a reversal, in the absence of any objection having been raised thereto at the time."

*Pulliam v. State,* 196 Ga. 782 (6) (28 SE2d 139). There having been no objection or motion for mistrial, the grounds are without merit. See *King v. State,* 121 Ga. App. 347 (3) (173 SE2d 746); *Shepherd v. State,* 203 Ga. 635 (2) (47 SE2d 860).

2. The fourth enumeration of error complains that the trial judge erroneously allowed an attorney for the witness to interject a comment during the cross examination. The statement was completely innocuous and no objection was interposed to such statement at the time nor thereafter during the trial. Under such circumstances, no error appears on the fourth ground.

3. The indictment contained language showing the defendant to be guilty of a prior offense and sought the maximum punishment as required by Code Ann. § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290). During the course of the trial the defendant's prior plea of guilty and sentence entered thereon was introduced by the state.

Enumerations of error 5, 7 and 8 contend that it was error to admit the evidence of a prior conviction into the first portion of the bifurcated trial and that the trial judge erred in failing to instruct the jury to disregard the evidence of the prior conviction.

In *Landers v. Smith,* 226 Ga. 274 (3) (174 SE2d 427), the Supreme Court held: "The practice of including prior convictions in the indictment and reading them to the jury before the determination of the issue of guilt or innocence in the crime charged, pursuant to Code Ann. § 27-2511 (Ga. L. 1953, Nov. Sess., pp. 289, 290), violated neither petitioner's Federal nor his State Constitutional rights." See *Watts v. State,* 123 Ga. App. 371 (2) (181 SE2d 88). At the time the evidence was introduced, counsel for the defendant stated: "We have no objection to this, Your Honor." In such circumstances, grounds 5, 7 and 8 reveal no reversible error.

4. The trial judge charged with regard to the Georgia statute of limitation in criminal cases, Criminal Code of Georgia, § 26-502 (Ga. L. 1968, pp. 1249, 1266), stating in effect that if the jury believed any time within four years next preceding the date the indictment was returned that the defendant committed a burglary then they could find him guilty of such offense.

The indictment charged the defendant with the commission of the offense on July 26, 1970, and the indictment itself was returned on October 22, 1970. The defendant contends that this would allow him to be convicted for an offense dating back to 1966. The Criminal Code of Georgia effective July 1, 1969, changed the requisites for the offense of burglary. Prior to the new Code it was necessary to show a breaking and entering on the part of the defendant (*Gentry v. State,* 83 Ga. App. 330 (63 SE2d 611)), while the new Code no longer contains the requirement of breaking. *Bridges v. State,* 123 Ga. App. 157, 160 (179 SE2d 685); *Blankenship v. State,* 123 Ga. App. 496 (181 SE2d 544). Compare Criminal Code of Georgia § 26-1601 (Ga. L. 1968, pp. 1249, 1287) with old Code § 26-2401. It is thus urged that the defendant could be convicted for acts prior to July 1969 which did not constitute burglary at that time.

What is overlooked is the fact that the evidence showed the crime, if it were committed at all, was committed on July 26, 1970 and there was no evidence to the contrary. The trial judge properly charged with regard to the elements of burglary under our present Code section and the mere fact that he referred to the four year statute of limitation would not constitute harmful error to the defendant.

5. Enumerations of error 1 and 10 deal with the contention that the evidence failed to sustain the verdict. The principal contention made in this regard

is that the evidence did not show that a television set which was taken from the victim's house was the same one found in possession of the defendant. Careful examination of the record in this case reveals that the television set was sufficiently identified to sustain the burglary conviction.

6. The ninth enumeration of error complains that the trial judge erred in removing from the jury's consideration the question of sentencing. The evidence of the prior conviction was introduced without objection during the course of the trial. The trial judge thus held that the evidence demanded a finding that the defendant receive the maximum punishment as provided in Code Ann. § 27-2511.

We are aware of the authorities cited in support of this proposition. *Stinson v. State,* 65 Ga. App. 592, 593 (16 SE2d 111); *Moye v. State,* 70 Ga. App. 890 (29 SE2d 791); *Timbs v. State,* 71 Ga. App. 141 (30 SE2d 290); *Palmer v. State,* 99 Ga. App. 754 (109 SE2d 613). In the *Stinson* case the court recognized that where the evidence demands a finding as to the defendant's past conviction the trial judge did not err in directing the jury to impose the maximum sentence if they found him guilty. In each of the above cited cases the defendant introduced no contradictory evidence with regard to the previous conviction. Nevertheless, Code Ann. § 27-2534 (Ga. L. 1970, pp. 949, 950; 1971, p. 902) now provides for separate jury consideration of the punishment to be inflicted. This would be the proper time for the defendant to introduce any evidence which he had to attack the validity of the prior conviction or show any other circumstances in "extenuation" or "mitigation" of the offense. The case therefore must be reversed as to the sentencing and remanded to the trial court for consideration of this issue only.

*Judgment affirmed in part; reversed in part, with direction that a new trial be granted as to the*

*imposition of the sentence only. Bell, C. J., and Deen, J., concur.*

ARGUED JANUARY 2, 1973 — DECIDED APRIL 10, 1973.

*Weiner & Bazemore, Paul S. Weiner,* for appellant.
*H. Eugene Brown, District Attorney, J. W. Bradley,* for appellee.