## 52513. HAMMOND v. THE STATE.

QUILLIAN, Judge.

Defendant appeals his conviction for burglary and sentence imposed under Code § 27-2511, as amended (Ga. L. 1953, Nov. Sess., pp. 289, 290; 1974, pp. 352, 355) as a recidivist. *Held:*

1. It is contended that the trial court committed reversible error by refusing to grant defendant's motion for a mistrial after the state had impermissibly placed his character in issue. We agree. Defendant had been apprehended by the police as he exited the burglarized pawn shop through a hole in the wall. His identity was not in issue. The district attorney called one of the owners of the pawn shop and asked him: "Q. . . whether or not you have ever seen the Defendant in your pawn shop? A. Yes

sir. . . several days before [the burglary]. Q. What was the occasion . . . A. He came into the pawn shop with three long guns and maybe a couple of shotguns and a rifle or vice versa . . . Q. For what reason did he come in there? A. He came in to pawn them. Q. . . did you accept the pawn? A. Not right off. I asked him was he qualified to buy the guns back. Q. Did you determine whether or not he was qualified? A. Yes sir. Q. Was he qualified? A. No sir." Defendant objected on the basis that "whether or not [defendant] was qualified to buy those long guns back or not is not material . . . and obviously the question [was to elicit] that he was not qualified. Now, the jury is not completely ignorant. . . They know there is a reason he is not qualified. At this point the Defendant's character has been interjected into this case by the prosecutor, and I am going to move for a mistrial." His motion was denied.

Title 18 USCA § 922 (h) provides: "It shall be unlawful for any person — (1) who is under indictment for, or who has been convicted in any court, of, a crime punishable by imprisonment for a term exceeding one year . . . (4) to receive any firearm . . . which has been shipped or transported in interstate or foreign commerce." The district attorney had indicted the defendant under Code Ann. § 27-2511, supra, citing three prior convictions. He admitted to the court that he knew that the defendant was not qualified to buy the guns he was pawning. We can perceive no basis for materiality or relevancy to any issue in this case of the disqualification of defendant to purchase firearms. One fact it tended to prove was that the defendant had one or more previous convictions.

"The general rule is that evidence of a distinct, separate and independent offense is inadmissible on the prosecution for another crime . . ." *Joiner v. State,* 236 Ga. 580, 581 (224 SE2d 414). Exceptions to the foregoing rule all rest on the premise that there must be "some logical connection between the two, from which it can be said that proof of the one tends to establish the other." *Cawthon v. State,* 119 Ga. 395, 408 (46 SE 897); *Joiner v. State,* 236 Ga. 580, 581, supra. In *Davis v. State,* 233 Ga. 638, 639 (2) (212 SE2d 814), the court held that such evidence "was admissible to show intent, motive, plan, scheme and bent of mind of the defendant." The evidence admitted here

does not meet these criteria.

Of course there are other reasons for disqualification of a person to purchase firearms. Three reasons relate to various types of misconduct and the fourth reason is for mental incompetency. See 18 USCA § 922 (h) (1 through 4). We cannot be certain what method of disqualification, if any, was assigned to this inadmissible evidence by the jurors. We may only speculate as to the effect of this inadmissible evidence upon them, but as it was intentionally introduced and had no relevancy to any issue, and the district attorney knew that the three prior felony convictions were the basis for disqualification, we will not speculate to the prejudice of the defendant by concluding the error must have been harmless. Accordingly, as we cannot find the error to be harmless, it is error requiring reversal. See *Mathis v. State,* 133 Ga. App. 445 (1) (211 SE2d 400); *Riggins v. Stynchombe,* 231 Ga. 589, 592 (203 SE2d 208).

2. Defendant, indicted under the name of Larry Wayne Hammond, contends the "finding of recidivism by the jury . . . is not supported by the evidence . . . since the state failed . . . to carry its burden of proving beyond a reasonable doubt that [defendant] was the individual named in the recidivist allegations of the indictment." We disagree.

The three exhibits used by the state to prove recidivism showed the defendant in those cases to be "Larry Wayne Hammond," "Larry Hammond," and "Larry Hammonds." Suffice it to say that all convictions were in the Superior Court of Clarke County, before Judge Barrow, and other court documents attached to each of the convictions identified the defendant as "Larry Wayne Hammond." Each of the state's exhibits was admitted without objection. Concordance of name alone is some evidence of identity. Code § 38-304. Further "in the absence of any denial by the defendant and no proof to the contrary" this concordance of name is sufficient to show that the defendant and the individuals previously convicted were the same person. *Stinson v. State,* 65 Ga. App. 592, 594 (16 SE2d 111); *Booker v. State,* 70 Ga. App. 514, 517 (28 SE2d 778); *Palmer v. State,* 99 Ga. App. 754 (109 SE2d 613); *Hobbs v. State,* 229 Ga. 556, 559 (3) (192

SE2d 903). Furthermore, this issue of identity of the defendant and those persons listed in the previous convictions was submitted to the jury. They found in favor of the state. There is sufficient evidence to authorize the verdict of the jury. *Ridley v. State,* 236 Ga. 147 (223 SE2d 131). We find no error.

3. It is argued that the trial court erred in ruling that, once the jury found defendant to be a multiple offender, the court had to impose the maximum sentence authorized by law for the offense of which he had been found guilty. We agree with the trial court. Code § 27-2511, as amended, supra, is divided into two parts. The first part addresses the imposition of a maximum sentence for a second conviction and the second part of the statute refers to a defendant having been convicted three times of felonies, "must, upon conviction of such fourth [felony] offense [other than a capital felony] . . . serve the maximum time provided in the sentence of the judge based upon such conviction, and shall not be eligible for parole until the maximum sentence has been served." Defendant contends that the second section of Code § 27-2511 does not require imposition of the maximum sentence, but only that defendant serve the "time provided in the sentence of the judge . . . and shall not be eligible for parole."

This construction ignores that proviso in the second section that "upon conviction of such fourth offense . . . [defendant must] serve the maximum time . . . based upon such conviction. . ." The first section of Code § 27-2511 makes it mandatory that any person who "shall afterwards commit a crime punishable by confinement and labor in the penitentiary . . . shall be sentenced to undergo the longest period of time and labor prescribed for the punishment of the offense of which he stands convicted. . ." Thus, whether the offense for which defendant currently stands convicted is his second, third, fourth or fourteenth — the only sentence imposable for "such conviction" is the maximum time prescribed by the statute for that offense. *Landers v. Smith,* 226 Ga. 274, 275 (3) (174 SE2d 427); *Booker v. State,* 70 Ga. App. 514, 517, supra; *Moye v. State,* 70 Ga. App. 890, 898 (29 SE2d 791); *Timbs v. State,* 71 Ga. App. 141, 144 (30 SE2d 290).

The court did not err in ruling that he was required to impose the maximum sentence under the statute for the offense of which defendant was convicted.

4. The remaining assignments of errors are either mooted by the above holdings, are without merit, or are not likely to recur upon a new trial.

*Judgment reversed for the reason set forth in Division 1. Deen, P. J., and Webb, J., concur.*

SUBMITTED SEPTEMBER 13, 1976 — DECIDED OCTOBER 8, 1976.

*Robert D. Peckham, John W. Timmons, Jack H. Affleck,* for appellant.

*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.